[Cite as *In re J.L.H.*, 2011-Ohio-5586.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   |                          |
|------------------------|---|--------------------------|
|                        | : | JUDGES:                  |
| IN THE MATTER OF:      | : | W. Scott Gwin, P.J.      |
|                        | : | John W. Wise, J.         |
| J.L.H., J.A.H. and F.K.H.. | : | Julie A. Edwards, J.     |
|                        | : |                          |
|                        | : | Case No. 2010CA00266     |
|                        | : |                          |
|                        | : |                          |
|                        | : | O P I N I O N            |


CHARACTER OF PROCEEDING:        Civil Appeal from Stark County
                                Court of Common Pleas, Family
                                Court Division, Case Nos.
                                2008JCV0724 and 2009JCV01490

JUDGMENT:                       Affirmed In Part and Reversed
                                and Remanded In Part

DATE OF JUDGMENT ENTRY:         October 17, 2011

APPEARANCES:

For Plaintiff-Appellees              For Defendant-Appellants

MATTHEUW OBERHOLTZER                 TYLER J. WHITNEY
116 Cleveland Avenue, North          137 South Main Street
Suite 650                            Suite 201
Canton, Ohio  44702                  Akron, Ohio  44308

*Edwards, J.*

{¶ 1} Appellants, F.H. and E.H., appeal from the August 25, 2010, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division.

STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellants, who are married, are the parents of J.L.H. (DOB 3/17/05), J.A.H. (DOB 2/28/07) and F.K.H. (DOB 4/28/09). Appellees Thomas and Kathleen Shimko are the maternal grandparents and appellees Thomas and Judit Shimko are the maternal aunt and uncle.

{¶ 3} On June 30, 2008, appellees Thomas and Kathleen Shimko filed a complaint in Case No. 2008 JCV 0724 seeking custody of J.L.H. and J.A.H. Appellees, in their complaint, alleged that appellant E.H. was mentally retarded and that they had reason to believe that appellant F.H. physically and/or sexually abused the children. Appellees, in their motion, asked that they be awarded visitation. On the same date, appellee Thomas and Kathleen Shimko filed a motion asking to be designated the temporary residential and legal custodian of the two children and for an oral hearing. A hearing was scheduled for September 8, 2008.

{¶ 4} On September 2, 2008, appellant E.H. filed a motion asking that the complaint for custody filed by appellees Thomas and Kathleen Shimko be dismissed on the basis that the facts alleged in the complaint did not provide a sufficient basis to interfere with her fundamental right to the custody, care and control of her children, that the childrens' parents had not invoked the jurisdiction of any court concerning the children and that "this is not a matter brought to the court under the authority of children services." Appellant E.H., in her motion, also alleged that there was no "precipitating

event" that would grant appellees Thomas and Kathleen Shimko the right to seek visitation with the children. Appellant E.H. noted that she had been investigated three times by the Stark County Department of Job and Family Services and that all three times, the cases had been closed with no finding of neglect or abuse.

{¶ 5} Pursuant to a Magistrate's Order filed on September 9, 2008, the Magistrate overruled appellant E.H.'s motion and granted appellees Thomas and Kathleen Shimko leave to amend their complaint to join appellant F.H. as a necessary party. The Magistrate also granted appellees Thomas and Kathleen Shimko weekly unsupervised companionship with the two children on Saturdays from 11:00 a.m. to 4:00 p.m. A pretrial was scheduled for November 5, 2008.

{¶ 6} On September 10, 2008, appellees Thomas and Kathleen Shimko filed an amended complaint for custody, alleging that appellants were unfit and/or unsuitable to raise J.L.H and J.A.H.

{¶ 7} Appellant F.H., on September 12, 2008, filed a pro se objection to unsupervised visitation. Appellant E.H., on September 19, 2008, filed a Motion to Set Aside Magistrate Order for Unsupervised Visitation.

{¶ 8} Thereafter, on October 24, 2008, appellants filed a Motion for Immediate Termination of Interim Visitation Order, arguing that they were not unfit in any way and that appellees' allegations against them were false and without merit. A hearing on the same was scheduled for November 5, 2008.

{¶ 9} The Guardian Ad Litem, as memorialized in a report filed on November 5, 2008, indicated that he could not support the complaint for change of custody. The

Guardian Ad Litem stated that the appellees' allegations did not establish that appellants were unfit.

{¶ 10} A hearing was held on November 5, 2008 on appellees' Motion for Custody and appellants' Motion to Terminate Visitation. A final pretrial was scheduled for January 28, 2009 and the Motion to Terminate Visitation was scheduled for the same day. (This pretrial was continued due to, inter alia, medical issues of counsel for appellees and was not held until June 10, 2009).

{¶ 11} A hearing on appellant F.H's September 12, 2008, objection to unsupervised visitation and appellants' October 24, 2008, Motion for Immediate Termination of Interim Visitation Order was held on November 10, 2008. Pursuant to a Judgment Entry filed on November 14, 2008, the objections were overruled.

{¶ 12} A pretrial hearing was held on June 10, 2009, before a Magistrate. Pursuant to a Magistrate's Order filed on June 11, 2009, the Magistrate set a trial for September 30, 2009, and ordered the parties to submit to a custody evaluation with Dr. Tully at appellees Thomas and Kathleen Shimko's cost. The parties were to call for an appointment no later than June 11, 2009.

{¶ 13} Appellees Thomas and Kathleen Shimko, on September 17, 2009, filed a request to enter upon appellants' land to inspect and photograph the same.

{¶ 14} Appellees Thomas and Kathleen Shimko, on September 25, 2009, filed a Motion for Contempt against appellants, alleging, in part, that they had violated court orders by failing to complete a custody evaluation with Dr. Tully and by failing to allow their attorney onto appellant's property. A show cause hearing was scheduled for September 30, 2009, before a Magistrate. The Magistrate, as memorialized in an Order

filed on September 30, 2009, found that appellant F.H. had stated to the Guardian Ad Litem that appellants would not complete the psychological evaluation with Dr. Tully and that without such evaluation, the issue of appellants' suitability could not be determined. The Magistrate continued the trial and also granted an interim order of custody of J.A.H. and J.L.H. to appellees Thomas and Kathleen Shimko. Appellees dismissed their pending contempt action on September 30, 2009.

{¶ 15} Appellants, on October 2, 2009, filed an objection to the interim order of custody to appellees. On October 6, 2009, they filed a motion for immediate termination of such order.

{¶ 16} A hearing on appellants' October 2, 2009, objection to change of custody and other motions was held on November 9, 2009. The trial court, as memorialized in a Judgment Entry filed on November 10, 2009, stated, in relevant part, as follows: "No transcript was provided and Attorney Oberholtzer [appellees' attorney] moved to dismiss on those grounds but the court has heard from both parties and has considered the merits of these matters. The parents motions are all OVERRULED/DISMISSED and this case is closed." The trial court's Judgment Entry contained the following language:

{¶ 17} "A party may, pursuant to Rules 3 and 4 of the Rules of Appellate Procedure, appeal a final order of this court by filing a Notice of Appeal within thirty days of the filing of the Entry by the Trial Court.  A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in this decision unless the party timely and specifically objects to that finding or conclusion as described herein. Failure to file a timely Notice of Appeal could result in a party waiving his or her right to appeal."

{¶ 18} Thereafter, on November 24, 2009, appellees Thomas Shimko and Judit Shimko, maternal aunt and uncle, filed a complaint in Case No. 2009 JCV 01490 seeking legal custody of F.K.H., who was born on April 28, 2009. On the same date, they filed a motion asking to be designated temporary residential and legal custodian of the minor child. A hearing was scheduled for January 25, 2010. Pursuant to a Magistrate's Order filed on January 27, 2010, a pretrial was scheduled for March 24, 2010 and appellees' motion for immediate placement/transfer of physical custody was overruled.

{¶ 19} On January 7, 2010, appellants had filed a Motion for Return of Custody in Case No. 2008 JCV 0724. Appellants, in their motion, had stated that since such case had been dismissed, they had both submitted to psychological evaluations and been involved in counseling.

{¶ 20} A hearing before a Magistrate was held on March 24, 2010. The Magistrate, in an order filed on March 26, 2010 in both cases, ordered all parties to submit to a parenting evaluation with Dr. Robin Tener and granted appellants visitation with J.A.H. and J. L.H. The Magistrate also scheduled a pretrial for June 30, 2010. The Magistrate ordered appellants to pay 20% of the costs of the parenting evaluation. The Magistrate also indicated that she was taking the issue of visitation with F.K.H. under advisement.

{¶ 21} On April 1, 2010, appellees Thomas and Judit Shimko filed a Motion in Case No. 2009 JCV 01490 to Set Aside the Magistrate's Order, arguing that the Magistrate should have granted them visitation with F.K.H. A hearing on such motion was set for April 27, 2010. Neither appellants nor their attorney appeared at such

hearing. As memorialized in a Judgment Entry filed on April 27, 2010, the trial court sustained the Motion to Set Aside and granted custody of F.K.H. to appellees Thomas and Judit Shimko. The trial court indicated that the Guardian Ad Litem was concerned about appellants' home and "possible mental health issues of the parties which may place this child in danger." The trial court stated, in its entry, that it would consider "appropriate visitation with the parents upon compliance with court orders and proper application." Appellants filed a Motion for Relief from Judgment on April 28, 2010, alleging, in part, that appellants were never notified of the hearing date.

{¶ 22} On April 28, 2010, appellees Thomas and Judit Shimko filed a motion in Case No. 2009 JCV 01490 requesting that a bench warrant be issued for appellants. Appellees, in their motion, indicated that they had been to appellants' home on two separate occasions and that appellants had not been present. In their motion, they indicated that they believed that appellants had fled with F.K.H. Pursuant to a Judgment Entry filed on the same date, appellants were ordered to immediately turn over custody of F.K.H. to appellees Thomas and Judit Shimko. After appellants failed to do so, appellees Thomas and Judit Shimko filed a motion for contempt against them. Appellees, in their motion, also alleged that appellant had violated previous court orders by not paying the court-ordered psychologist and scheduling a psychological examination and by refusing to allow the Guardian Ad Litem into their house to conduct a home visit. A hearing on such motion was scheduled for May 4, 2010.

{¶ 23} Appellees, Thomas and Kathleen Shimko, on April 28, 2010, filed a motion in Case No. 2008 JCV 0724 requesting that visitation between the minor children and appellants be terminated. Appellees, in their motion, indicated that in the companion

case (Case No. 2009 JCV 01490), their son and daughter-in-law had been granted legal custody of F.K.H. and that it was believed that appellants had fled the jurisdiction with F.K.H. Appellees further indicated that they were concerned that appellants might show up at their house for visitation and then attempt to flee the jurisdiction with J.L.H. and J.A.H. As memorialized in a Judgment Entry filed on April 28, 2010, such motion was granted and visitation was terminated until further order of court.

{¶ 24} As memorialized in a Judgment Entry filed on May 4, 2010 in Case No. 2009 JCV 01490, the trial court found that appellant F.H. had been given the opportunity to reveal the whereabouts of J.F.H. and had indicated that the child was at home with appellant E.H.  The trial court found probable cause for law enforcement to enter the home, secure the child and return the child to his custodians. Pursuant to a Judgment Entry filed in such case on May 5, 2010, the trial court took the Motion for Relief under Advisement and ordered that the contempt be merged to the pretrial.

{¶ 25} On May 6, 2010, appellants filed a motion in Case No. 2008 JCV 0724 for modification of the trial court's March 26, 2010, order. Appellants, in their motion, indicated that they were indigent and could not pay the $1,200.00 deposit for their share of the psychological evaluations by Dr. Tener. A hearing on such motion was scheduled for June 30, 2010. An amended motion to modify was filed on June 29, 2010.

{¶ 26} A hearing on appellants' Motion for Return of Custody and appellees Thomas and Judit Shimko's Motion for Custody of F.K.H. was held on June 30, 2010, before a Magistrate. The Magistrate, in an order in both cases, found that appellants had not paid for the psychological evaluation. The Magistrate ordered that a final pretrial

be scheduled for August 25, 2010, and that prior orders regarding placement of the children remain in effect.

{¶ 27} Appellants, on August 17, 2010, filed a motion in Case No. 2008 JCV 0724 seeking visitation with their minor children during the pendency of the case and also filed a motion seeking to modify the court order requiring them to submit to a psychological evaluation with Dr. Robin Tener. Appellants alleged that they could not afford Dr. Tener's fee and that they had found another psychologist who would be able to perform a psychological evaluation for a lesser cost. A hearing on the motion to modify was scheduled for August 25, 2010.

{¶ 28} On August 17, 2010, appellants filed a Motion for Visitation in Case No. 2009 JCV 01490, seeking visitation with their youngest child during the pendency of the case. On such date, appellants also filed a motion to modify the order requiring them to submit to a psychological evaluation with Dr. Tener.

{¶ 29} Pursuant to a Judgment Entry filed on August 26, 2010, in both cases the trial court dismissed all pending motions in Case No. 2008 JCV 0724 without prejudice[1] and ordered that appellees' motions and interim orders be made the final orders in Case No. 2009 JCV 01490. The trial court ordered that both cases be closed and that any party may "refile similar motions affecting custody/visits regarding these children if accompanied by the completed Dr. Tener report and an additional deposit of $1000 for the GAL…" The trial court, in its Judgment Entry, made the following findings of fact:

{¶ 30} "Parties appeared for PT and these parents have still not complied with the court's orders, especially regarding the needed custody evaluations. The court did hear from all parties present.

_____

[1] Because the motions were dismissed without prejudice, they presumably can be refiled.

{¶ 31} "The court is not able to properly consider these motions and the parents have failed to prosecute their motions as a result. These parents present with substantial mental health issues and have secreted these children from the authorities in the past. The father also indicated in open court in a prior proceeding, while they were hiding children, that the mother was suicidal and the children may in fact be in danger. The court has heard and considered the recommendations of the GAL as to the best interests of these children."

{¶ 32} Appellants now raise the following assignments of error on appeal:

{¶ 33} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE APPELLEES CUSTODY OF THE APPELLANTS THREE MINOR CHILDREN IN VIOLATION OF THEIR CONSTITUTIONAL RIGHTS.

{¶ 34} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE APPELLEES CUSTODY OF THE APPELLANTS THREE MINOR CHILDREN WITHOUT AN EVIDENTIARY HEARING AND WITHOUT A FINDING OF UNSUITABILITY.

{¶ 35} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE APPELLEES CUSTODY OF THE APPELLANT'S THREE MINOR CHILDREN AND CLOSING THE CASES FOR THE REASON THAT APPELLANTS ALLEGEDLY FAILED TO COMPLY WITH COURT ORDERS.

{¶ 36} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE APPELLEES VISITATION WITH THE APPELLANTS TWO MINOR DAUGHTERS WITHOUT CONSIDERING THE APPELLANTS WISHES AND/OR BEST INTERESTS OF THE CHILDREN.

**{¶ 37}** "V. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING THE APPELLANTS REASONABLE VISITATION WITH THEIR MINOR CHILDREN DURING THE PENDENCY OF THE CASES AS WELL AS IN THE FINAL DISPOSITION OF THESE CASES."

I, II, III

**{¶ 38}** Appellants, in their first three assignments of error, argue that the trial court erred in granting custody of J.L.H. and J.A.H. to appellees Thomas and Kathleen Shimko and F.K.H. to appellees Thomas and Judit Shimko.

**{¶ 39}** As is stated above, the Magistrate in Case No. 2008 JCV 0724 as memorialized in an Order filed on September 30, 2009, granted an interim order of custody of J.A.H. and J.L.H. to appellees Thomas and Kathleen Shimko. Appellants, on October 2, 2009, filed an objection to the interim order of custody to appellees and, on October 6, 2009, filed a motion for immediate termination of such order.

**{¶ 40}** A hearing on appellants' October 2, 2009 objection to change of custody and other motions was held on November 9, 2009. The trial court, as memorialized in a Judgment Entry filed on November 10, 2009, stated, in relevant part, as follows: "No transcript was provided and Attorney Oberholtzer moved to dismiss on those grounds but the court has heard from both parties and has considered the merits of these matters. The parents motions are all OVERRULED/DISMISSED and this case is closed." The trial court's Judgment Entry contained the following language:

**{¶ 41}** "A party may, pursuant to Rules 3 and 4 of the Rules of Appellate Procedure, appeal a final order of this court by filing a Notice of Appeal within thirty days of the filing of the Entry by the Trial Court. A party shall not assign as error on appeal

the court's adoption of any finding of fact or conclusion of law in this decision unless the party timely and specifically objects to that finding or conclusion as described herein. Failure to file a timely Notice of Appeal could result in a party waiving his or her right to appeal."

**{¶ 42}** Appellants did not timely appeal from the trial court's November 10, 2009 Judgment Entry which finalized the grant of custody of J.A.H. and J.L.H. to appellees Thomas and Kathleen Shimko. Because they did not timely appeal the decision to award legal custody of the two children to appellees Thomas and Kathleen Shimko, we do not have jurisdiction to consider appellants' claims in Case No. 2008 JCV 0724. See *In the Matter of M.D.D.*, Butler App. No. CA2009-06-170, 2010-Ohio-326. While the trial court did not specifically state that custody was granted to Thomas and Kathleen Shimko, it appears the parties understood that the order of November 10, 2009, was a grant of custody to maternal grandparents Thomas and Kathleen Shimko. In appellants' January 7, 2010, Motion for Return of Custody, appellants' counsel stated, "the parents have not had any contact with their daughters since the Court order granting Maternal Grandparents custody of them." (Emphasis added).

**{¶ 43}** However, appellants also challenge the award of legal custody of J.F.H. to appellees Thomas and Judit Shimko in Case No. 2009 JCV 01490. As is stated above, the trial court, pursuant to a Judgment Entry filed on August 26, 2010, made the interim order of custody of appellants' son, to appellees Thomas and Judit Shimko, final and closed the case. The trial court also ordered that appellants were to have no contact with their children.

{¶ 44} From the record it is clear, and appellees admitted at the oral argument in this matter, that no evidentiary hearing was ever scheduled on appellees Thomas and Judit Shimko's complaint seeking custody of F.K.H. and that none was ever held. It is clear from the record that the trial court granted custody of such child to appellees Thomas and Judit Shimko as punishment for appellants' failure to submit to a psychological evaluation by Dr. Tener.

{¶ 45} We find that the trial court violated appellants' due process rights by granting custody of F.K.H. to appellees Thomas and Judit Shimko, without taking any evidence or giving appellants a right to be heard, as punishment for non-compliance with court orders. "Generally, due process requires that 'a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.' *Cleveland Bd. of Educ. v. Loudermill* (1985), 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494, (citing *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865).  At a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard. *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. See also *McGeorge v. McGeorge* (May 22, 2001), Franklin App. No. 00AP 1151, 2001 WL 537037." *In Re Roberson,* Stark App. No. 2003CA00393, 2004–Ohio–4996, ¶ 22.

{¶ 46} Parents who are suitable have a paramount right to custody of their minor children. *In re Perales* (1977), 52 Ohio St.2d 89, 97, 369 N.E.2d 1047. "In a child custody case arising out of a parentage action between a natural parent of the child and a nonparent, a trial court must make a parental unsuitability determination on the record

before awarding legal custody of the child to the nonparent." *In re Hockstok,* 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, at the syllabus.

**{¶ 47}** As noted by the court in *Tabler v. Snider,* Noble App. No. 08 NO 357, 2010-Ohio-1545, "It is well recognized that the right to raise a child is an 'essential' and 'basic' civil right." *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680, citing *In re Murray* (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169. Moreover, a parent's right to custody of his child is paramount. *Id.,* citing *Perales* at 97, 369 N.E.2d 1047. Because a parent has a fundamental liberty interest in the custody of his or her child, this important legal right is "protected by law and, thus, comes within the purview of a 'substantial right'[.]" *Murray* at 157, 556 N.E.2d 1169. "Therefore, parents 'must be afforded every procedural and substantive protection the law allows.' "*In re Hayes,* 79 Ohio St.3d at 48, 679 N.E.2d 680, quoting *In re Smith* (1991), 77 Ohio App.3d 1, 601 N.E.2d 45."

**{¶ 48}** "Accordingly, it is well settled that in custody disputes between parents and nonparents, "a court may not award custody to the nonparent 'without first determining that a preponderance of the evidence shows that the parent abandoned the child; contractually relinquished custody of the child; that the parent has become totally incapable of supporting or caring for the child; or that an award of custody to the parent would be detrimental to the child.' "*Hockstok* at ¶ 17, quoting *Perales,* syllabus." Id at paragraphs 21-22.

**{¶ 49}** In the case sub judice, we find that the trial court violated appellants' due process rights by granting legal custody of F.K.H. to appellees Thomas and Judit Shimko without an evidentiary hearing. The trial court did not take any evidence and thus denied appellant's due process right to the opportunity for a hearing. Moreover,

the trial court appears to have granted legal custody as a means of punishing appellants for failing to comply with prior orders of the court regarding paying for psychological evaluations. This Court previously has held that a change of custody is not to be used as punishment. See *In the Matter of E.J.M.*, Stark App. No. 2010CA00171, 2011-Ohio-977.

{¶ 50} Appellants' first three assignments of error are sustained in part and overruled in part.

IV

{¶ 51} Appellants, in their fourth assignment of error, argue that the trial court erred in granting appellees visitation with J.A.H. and J.L.H. without considering appellants' best wishes and/or the best interests of the children.

{¶ 52} We note that appellants are challenging orders that were made prior to the November 10, 2009, Judgment Entry finalizing the grant of custody of J.A.H. and J.L.H. to appellees Thomas and Kathleen Shimko.

{¶ 53} Because the November 10, 2009, final order was not timely appealed, we find appellants' appeal of such orders is untimely.

{¶ 54} Appellants' fourth assignment of error is, therefore, overruled.

V

{¶ 55} Appellants, in their fifth assignment of error, argue that the trial court erred in not awarding them reasonable visitation with their minor children during the pendency of the cases as well as in the final disposition of the cases.

{¶ 56} We note that a non-custodial parent's right of visitation with his or her children is a natural right and should be denied only under extraordinary circumstances. *Pettry v. Pettry* (1984), 20 Ohio App.3d 350, 312, 486 N.E.2d 213.

{¶ 57} As is stated above, appellants failed to file a timely appeal in Case No. 2008 JCV 0724. This Court, therefore, cannot address this assignment as it pertains to visitation during the pendency of such case and prior to the final order of November 10, 2009. Moreover, after appellants, on January 7, 2010, filed a Motion for Return of Custody in Case No. 2008 JCV 0724, the Magistrate, as memorialized in an order filed on March 26, 2010, granted them visitation with J.A.H. and J.L.H. Appellees Thomas and Kathleen Shimko, on April 28, 2010, then filed a motion to terminate visitation, alleging that appellants had fled the jurisdiction with F.K.H. and that they feared that they would flee also with J.A.H. and J.L.H. The trial court, pursuant to a Judgment Entry filed on April 28, 2010, ordered that visitation be terminated until further order of this Court.

{¶ 58} Thereafter, on August 17, 2010, appellants filed a Motion for Visitation in Case No. 2008 JCV 0724 seeking visitation during the pendency of the Motion for Return of Custody and a hearing on the same was scheduled for August 25, 2010. However, on August 25, 2010, the trial court dismissed, without prejudice, all the pending motions in Case No. 2008 JCV 0724 and ordered that the children have no contact with the parents. This entry was filed on August 26, 2010. The trial court found that the appellants had failed to prosecute their motions in Case No. 2008 JCV 0724 because the appellants had not obtained the court ordered custody evaluations with Dr. Tener. The court found "[t]hese parents present with substantial mental health issues

and have secreted these children from the authorities in the past. The father also indicated in open court in a prior proceeding, while they were hiding the children, that the mother was suicidal and the children may in fact be in danger."

{¶ 59} Assuming arguendo that the dismissal of all motions in Case No. 2008 JCV 0724 is a final, appealable order, we find the dismissal without prejudice, for failure to prosecute, was not error. The custody evaluations could provide extremely valuable information to the court regarding the parenting abilities of the appellants. We do have a concern however. It is unclear from the record whether the trial court held a hearing on the appellants' motion to reconsider the order that appellants pay 20% of Dr. Tener's bill for the custody evaluation. Because the appellants cannot refile a motion for custody or visitation without Dr. Tener's evaluation, the trial court should, if it has not already held a hearing on appellants' ability to pay, hold a hearing on a future motion of this nature filed by appellants.

{¶ 60} In Case No. 2009 JCV 01490, appellants, on August 17, 2010, eight days prior to the final pre-trial, filed a Motion for Visitation with their youngest child during the pendency of the case. As is discussed above in our disposition of appellants' first three assignments of error, we found that the trial court erred by granting custody of F.K.H. to appellees Thomas and Judit Shimko without an evidentiary hearing. We find, therefore, that any challenge to the visitation orders is premature because visitation will be considered in any final order issued after such hearing. In addition, a new Motion for Visitation of F.K.H. during the pendency of the custody case can be refiled upon remand of this case to the trial court.

{¶ 61} Appellants' fifth assignment of error is, therefore, overruled.

{¶ 62} Accordingly, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed in part and reversed and remanded in part.


By: Edwards, J.

Gwin, P.J. and Wise, J. concur.

_____

_____

_____

                                              JUDGES

JAE/d0719

[Cite as *In re J.L.H.*, 2011-Ohio-5586.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                          :
                                           :
   J.L.H., J.A.H. and F.K.H.              :
                                           :
                                           :
                                           :
                                           :        JUDGMENT ENTRY
                                           :
                                           :
                                           :
                                           :        CASE NO. 2010CA00266


     For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed in part and reversed and remanded in part to the trial court for further proceedings.  Costs assessed to appellants in the appeal from Case No. 2008 JCV 0724 and to appellees, Thomas and Judit Shimko in Case No. 2009 JCV 01490

_____

_____

_____

                  JUDGES