[Cite as *In re J.L.H.*, 2014-Ohio-2376.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| J.L.H. AND J.A.H. | Hon. W. Scott Gwin, J.<br>Hon. Craig R. Baldwin, J. |
| | Case No. 2013CA00250 |
| | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Probate Division, Case Nos. 21333 and 21334 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 2, 2014 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellants | For Petitioners-Appellees |
| FREDERICK & ERIN HILDENBRAND | JOAN SELBY |
| PRO, SE | 1428 Market Ave North |
| 1338 18th St NE | Canton, Ohio 44714 |
| Canton, Ohio 44705 | |

*Hoffman, P.J.*

{¶1} Appellants Erin Hildebrand and Frederick Hildebrand appeal the November 27, 2013 Judgment Entry entered by the Stark County Court of Common Pleas, Probate Division, which found their consent was not required for the adoption of their two minor daughters by petitioners-appellees Thomas and Kathleen Shimko.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellants are the biological parents of J.L.H. (DOB 3/17/05) and J.A.H. (DOB 2/28/07). Appellee Kathleen Shimko is the maternal grandmother of the children. Appellee Thomas Shimko is her husband. On June 30, 2008, Appellees filed a complaint in Stark County Juvenile Court Case No. 2008 JCV 0724, seeking custody of their granddaughters. The matter came on for hearing before the magistrate on September 30, 2009. The magistrate granted legal custody of the girls to Appellees. The trial court affirmed the magistrate's decision on November 9, 2009.

{¶3} Via Judgment Entry filed August 26, 2010, the trial court dismissed all of Appellants' pending motions, affirmed the magistrate's decision regarding custody, issued a no contact order, and closed the case. The trial court advised Appellants they could "refile similar motions affecting custody/visits regarding these children if accompanied by the completed Dr. Tener report and an additional deposit of $1000 for the GAL ..."

{¶4} Appellants appealed to this Court. We affirmed. *In the Matter of J.L.H., J.A.H. and F.K.H.*, Stark App.2010CA00266, 2011 -Ohio- 5586. Appellants' appeals to the Ohio Supreme Court and the United States Supreme Court were denied.

{¶5}   On November 7, 2011, Appellees filed a petition for adoption.  Therein, Appellees maintained Appellants' consent to the adoption was not necessary as they failed to support and had not contacted the children for one year prior to the filing of the petition, and such failure was without justifiable cause.  The trial court conducted an evidentiary hearing on September 16, 2013.  Appellee Kathleen Shimko and Appellants testified at the hearing.  Appellees and Appellants submitted proposed findings of fact and conclusions of law on September 23, 2013, and September 25, 2013, respectively.

{¶6}   Via Judgment Entry filed November 27, 2013, the trial court ruled Appellants' consent to the adoption was not required.  The trial court found Appellees had established, by clear and convincing evidence, Appellants had not had any contact with and had failed to support their daughters without justifiable cause for at least one-year prior to the filing of the petition for adoption of Appellees.

{¶7}   Appellants now raise the following assignments of error on appeal:

{¶8}   "I. THE PROBATE COURT ERRED IN FINDING THAT APPELLANTS DID NOT HAVE JUSTIFIABLE CAUSE FOR THEIR INABILITY TO COMMUNICATE OR HAVE CONTACT WITH THEIR CHILDREN DURING THE YEAR PRIOR TO THE FILING OF THE ADOPTION PETITION.  THE FAMILY COURT ISSUED ORDERS PREVENTING THE APPELLANTS FROM HAVING ANY CONTACT WITH THEIR CHILDREN.  THE PROBATE COURTS DETERMINATION IS IN CONTRADICTION TO THE MANIFEST WEIGHT OF THE EVIDENCE, WHICH CLEARLY INDICATES THAT THERE WAS INDEED 'SIGNIFICANT INTERFERENCE AND/OR DISCOURAGEMENT' WITH COMMUNICATION AND COMPANIONSHIP BETWEEN

THE PARENTS AND THEIR CHILDREN, WHICH WAS BEYOND THE CONTROL OF THE PARENTS.

{¶9} "II. THE PROBATE COURT ERRED IN FINDING THAT APPELLANTS DID NOT HAVE JUSTIFIABLE CAUSE FOR NOT PAYING CHILD SUPPORT FOR THEIR CHILDREN DURING THE YEAR PRIOR TO THE FILING OF THE ADOPTION PETITION. THE DECISION GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THE MEDINA COUNTY COURT REVIEWED THE FACTS AND CIRCUMSTANCES OF THIS CASE, AND ISSUED VALID AND APPLICABLE JUDICIAL ORDERS DISMISSING THE MATTER OF CHILD SUPPORT.

{¶10} "III. THE PROBATE COURT ERRED IN FINDING THAT APPELLANTS DID NOT HAVE JUSTIFIABLE CAUSE FOR NOT PAYING CHILD SUPPORT FOR THEIR CHILDREN DURING THE YEAR PRIOR TO THE FILING OF THE ADOPTION PETITION. THE DECISION GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THE DECISION LIKEWISE FAILED TO RECOGNIZE OR GIVE ADEQUATE WEIGHT TO THE APPELLEES FINANCIAL CONSTRAINTS AND THE RESULTING FINANCIAL BURDENS WHICH HAVE STEMMED FROM THEIR EXTENSIVE EFFORTS TO REGAIN CUSTODY OF THEIR CHILDREN, AS SUCH PAYMENTS WOULD HAVE EXTINGUISHED THEIR ABILITY TO HIRE THE ATTORNEYS NEEDED TO APPROPRIATELY FIGHT FOR THE RETURN OF THEIR CHILDREN.

{¶11} "IV. THE PROBATE COURT ABUSED ITS DISCRETION IN FINDING THAT THE APPELLANTS CONSENT WAS NOT REQUIRED, ABSENT A PRIOR FINDING OF PARENTAL UNFITNESS. THE ADOPTION PETITION IS PRE-MATURE

AND/OR INVALID PRIOR TO SUCH A FINDING.  IF THE LAW HAD BEEN UPHELD IN THE FAMILY COURT, THE APPELLEES WOULD NOT BE IN A POSITION TO ADOPT THESE CHILDREN.

{¶12} "V. THE PROBATE COURT ABUSED ITS DISCRETION IN FINDING THAT THE CONSENT OF THE APPELLANTS WAS NOT REQUIRED FOR CHILDREN TO WHICH BY LAW THE APPELLANTS ARE STILL LEGALLY ENTITLED TO HAVE CUSTODY OF, IF IT WERE NOT FOR THE ABUSES OF DISCRETION BY THE FAMILY COURT, WHICH REMOVED THE CHILDREN IN VIOLATION OF LAW AND THE APPELLANTS CONSTITUTIONAL RIGHTS, SOLELY AS A PUNISHMENT FOR AN ALLEGED LACK OF COMPLIANCE WITH COURT ORDERS.

{¶13} "VI. THE PROBATE COURT ABUSED ITS DISCRETION IN FINDING THAT THE CONSENT OF THE APPELLANTS WAS NOT REQUIRED FOR CHILDREN TO WHICH BY LAW THE APPELLANTS ARE STILL LEGALLY ENTITLED TO HAVE CUSTODY OF, IF IT WERE NOT FOR THE ABUSES OF DISCRETION BY THE FAMILY COURT, WHICH HAS KEPT THE CUSTODY OF THEIR CHILDREN FROM THE APPELLANTS IN VIOLATION OF THE APPELLANTS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND THE LAWS ENCOMPASSING THEIR RIGHT TO THE CARE AND CONTROL OF THEIR CHILDREN."

I, II, III, IV, V, VI

{¶14} Appellants' assignments of error are related and will be considered together.

{¶15} The termination of a natural parent's right to object to the adoption of his child requires strict adherence to the controlling statutes. *In re: Adoption of Kuhlmann,*

99 Ohio App.3d 44, 649 N.E.2d 1279 (1st Dist.1994). Ordinarily, the written consent of a minor child's natural parents is required prior to adoption, but R.C. 3107.07 provides exceptions to this requirement. R.C. 3107.07(A) states:

> Consent to adoption is not required of any of the following:

> (A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor *as required by law or judicial decree* for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. (Emphasis added).

{¶16} Appellees had the burden of proof in this action. "The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication." *In re Adoption of Holcomb,* 18 Ohio St.3d 361, 481 N.E.2d 613 (1985); see also *In re Adoption of Bovett,* 33 Ohio St.3d 102, 104, 515 N .E.2d 919 (1987). "No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." *Holcomb,* 18 Ohio St.3d at 368.

{¶17} With regard to support, the relevant inquiry is not whether the parent provided support as would be expected, "but whether the parent's failure to support * * * is of such magnitude as to be the equivalent of abandonment." *Gorski v. Myer,* 5th Dist.

Stark No.2005CA00033, 2005–Ohio–2604, citing *Celestino v. Schneider,* 84 Ohio App.3d 192 (6th Dist.1992). The Ohio Supreme Court emphasized that monetary gifts to the child do not qualify as support because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires. *In re: Adoption of M.B.,* 131 Ohio St.3d 186, 2012–Ohio–236, 963 N.E.2d 142. A probate judge has discretion to determine whether the biological parent provided support as contemplated by R.C. 3107.07(A) "and his or her judgment should not be tampered with absent an abuse of discretion." *In re Adoption of Bovett,* 33 Ohio St.3d at 107, 515 N.E.2d 919 (1987).

{¶18} "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine and record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof * * * The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." *Holcomb,* 18 Ohio St.3d at 368. Clear and convincing evidence is the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." *In re: Estate of Haynes,* 25 Ohio St .3d 101, 103–104, 495 N.E.2d 23 (1986).

{¶19} With respect to a failure to support, the Ohio Supreme court stated, "[t]he question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." *In re: Adoption of M.B.,* 131 Ohio St.3d 186, 2012–Ohio–236, 963 N.E.2d 142.

{¶20} We have reviewed the entire record in this matter. We agree with the well-reasoned opinion of the trial court and adopt the same, which is attached hereto and incorporated by reference herein. For the reasons advanced in that opinion, Appellants' first, second, third, fourth, fifth, and sixth assignments of error are overruled.

{¶21} The judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By: Hoffman, P.J.

Gwin, J. and

Baldwin, J. concur