IN RE ADOPTION OF M.B.

**[Cite as *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236.]**

*De minimis monetary gifts from biological parent to minor child do not constitute maintenance and support, because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires—Probate court's determination whether financial contribution constitutes maintenance and support for purposes of R.C. 3107.07(A) is reviewed for abuse of discretion—Probate court's determination whether parent has proved by clear and convincing evidence justifiable cause for failing to pay child support will not be disturbed on appeal unless it is against the manifest weight of the evidence.*

(No. 2011-0831—Submitted November 2, 2011—Decided January 25, 2012.)

CERTIFIED by the Court of Appeals for Summit County, No. 25304, 2011-Ohio-1215.

_____

**SYLLABUS OF THE COURT**

1. De minimis monetary gifts from a biological parent to a minor child do not constitute maintenance and support, because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires.

2. A probate court determination of whether a financial contribution constitutes maintenance and support for purposes of R.C. 3107.07(A) is reviewed for an abuse of discretion; but whether justifiable cause for the failure to pay child support has been proved by clear and convincing evidence is a separate question for the probate court and will not be disturbed on appeal unless it is against the manifest weight of the evidence.

_____

**O'DONNELL, J.**

{¶ 1} The Ninth District Court of Appeals certified two questions, which we agreed to review: one, its decision that monetary gifts from a biological parent to a minor child constitute maintenance and support for purposes of R.C. 3107.07(A) and thus trigger the requirement that parental consent is needed before the adoption of the child is approved—which it found conflicts with *In re Adoption of McCarthy,* 6th Dist. No. L-91-199, 1992 WL 23175 (Jan. 17, 1992); and two, its decision that an appellate court should apply a de novo standard of review to a probate court's decision regarding whether a biological parent's financial gift constitutes maintenance and support of the child—which it found conflicts with *In re Adoption of Kat P.,* 5th Dist. Nos. 09CA10 and 09CA11, 2009-Ohio-3852.

{¶ 2} When a biological parent has failed to make any of the court-ordered monthly child-support payments in the year preceding the filing of an adoption petition, two de minimis gifts given to a minor child for Christmas and the child's birthday do not constitute maintenance and support for the purposes of R.C. 3107.07(A). Accordingly, we answer the first certified question in the negative.

{¶ 3} Further, we recognize that the petitioner in an adoption proceeding bears the burden to prove by clear and convincing evidence the biological parent's failure to provide maintenance and support for a period of one year preceding the filing of the adoption petition and to show that the parent's failure was without justifiable cause. A probate court determination of whether a financial contribution constitutes maintenance and support for purposes of R.C. 3107.07(A) is reviewed for an abuse of discretion; but whether justifiable cause for the failure to pay child support has been proved by clear and convincing evidence is a separate question for the probate court and will not be disturbed on appeal unless

2

it is against the manifest weight of the evidence. Thus, we clarify the dual standard of review for this question.

**Facts and Procedural History**

{¶ 4} M.B. is the biological daughter of Ann R. and Stephen B., appellee. They dissolved their marriage in 2000 in Florida, and the court granted custody of M.B. to Ann and ordered Stephen to pay $1,000 per month through the Florida Disbursement Unit as support for M.B. He made these payments until February 2007. However, in December 2007, he sent M.B. a $125 gift card for Christmas and in April 2008, $60 in cash for her birthday.

{¶ 5} Ann remarried in 2001, and on September 12, 2008, her husband, Thomas, appellant in this case, filed a petition in the Summit County Probate Court to adopt M.B. The petition alleged that Stephen had failed without justifiable cause to provide for the maintenance and support of M.B. during the year preceding the filing of the adoption petition and therefore his consent to the adoption was not required by statute. Stephen objected to the adoption, denied that he had failed to provide maintenance and support for M.B. in the year preceding the filing, argued that he had given her both a Christmas gift and a birthday gift, and claimed that he had had justifiable cause for failing to pay his court-ordered child-support payments.

{¶ 6} A probate court magistrate determined that the gifts did not constitute maintenance and support for purposes of R.C. 3107.07(A), that Stephen had failed without justifiable cause to provide maintenance and support for the year preceding the filing of the adoption petition, and that his consent was not needed for the adoption to proceed. The probate court adopted the recommendation of the magistrate.

{¶ 7} Stephen appealed, arguing that the gifts he had given to M.B. constituted maintenance and support. Applying a de novo standard of review, the appellate court reversed the decision of the probate court, held that gifts did

constitute support, and concluded that the adoption of M.B. could not proceed without Stephen's consent. The court further stated:

> Despite the lack of child support payments, Father's monetary gifts to M.B. evidenced his intent not to abandon his child. * * * Although not child support pursuant to a judicial decree, those monies served to provide additional financial support for the benefit of the child. Accordingly, there was clear and convincing evidence that Father provided for the maintenance and support of M.B. during the adoption period by virtue of his two monetary gifts to the child. Although Father's total financial contribution to the child's welfare was small, the timing of the contributions was thoughtful and clearly evidenced his intent not to abandon the child.

9th Dist. No. 25304, 2011-Ohio-1215, ¶ 17.

{¶ 8} The appellate court certified that its ruling conflicted with a decision of the Sixth District Court of Appeals on the question whether a gift constitutes maintenance and support and with a decision of the Fifth District Court of Appeals on the applicable standard of review.

{¶ 9} The Sixth District held in the case *In re Adoption of McCarthy,* 6th Dist. No. L-91-199, 1992 WL 23175, that gifts of $10 and $4 given from a biological parent directly to a minor child on two separate occasions did not constitute maintenance and support.

{¶ 10} And in the case of *In re Adoption of Kat P.*, 5th Dist. Nos. 09CA10 and 09CA11, 2009-Ohio-3852, the Fifth District stated that an "[a]n appellate court will not disturb a trial court's decision on adoption unless it is against the manifest weight of the evidence." *Id.* at ¶ 12.

{¶ 11} We accepted the following certified-conflict questions: (1) "When a biological parent fails to provide any court ordered child support for one year, do small monetary gifts paid directly to the child constitute the provision of 'maintenance and support of the minor as required by law or judicial decree' for purposes of R.C. 3107.07(A)?" and (2) "When reviewing a probate court's decision regarding whether or not a biological parent's financial contribution constitutes 'maintenance and support of the minor as required by law or judicial decree' for purposes of R.C. 3107.07(A), is the standard of review de novo or whether the decision is contrary to the manifest weight of the evidence?" 128 Ohio St.3d 1555, 2011-Ohio-2905, 949 N.E.2d 42.

{¶ 12} Thomas urges that small monetary gifts paid by a parent directly to a child do not constitute maintenance and support pursuant to R.C. 3107.07(A) and further asserts that a probate court's determination whether a biological parent's financial contribution constitutes maintenance and support can be reversed only if it is contrary to the manifest weight of the evidence.

{¶ 13} Stephen argues that any financial contribution to a child constitutes maintenance and support for purposes of R.C. 3107.07(A) and only the complete failure to provide maintenance and support obviates the need for a biological parent's consent to adoption. He further contends that the proper standard of review when interpreting statutory language is de novo.

{¶ 14} Accordingly, we are called upon to decide whether de minimis monetary gifts from a biological parent to a minor child constitute maintenance and support, thus requiring parental consent pursuant to R.C. 3107.07(A), and we are further asked to clarify the standard of appellate review for these questions.

### R.C. 3107.07(A)

{¶ 15} R.C. 3107.07(A) provides that consent to adoption is not required of

[a] parent of a minor * * * [who] has failed without justifiable cause * * * to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.[1]

{¶ 16} We are primarily concerned with determining whether the gifts Stephen gave to M.B. are to be considered maintenance and support and whether, based on those gifts, his consent to her adoption is required by R.C. 3107.07(A).

{¶ 17} We have previously held that "[p]ursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause." *In re Adoption of Bovett*, 33 Ohio St.3d 102, 515 N.E.2d 919 (1987), paragraph one of the syllabus, following *In re Adoption of Masa*, 23 Ohio St.3d 163, 492 N.E.2d 140 (1986).

{¶ 18} To determine whether a biological parent has failed to provide for the maintenance and support of a child, we must first determine the meaning of "maintenance" and "support" as those terms are used in R.C. 3107.07(A).

{¶ 19} In *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21, this court stated that when determining how to construe a statute, "our paramount concern is the legislative intent in enacting the statute." To determine intent, we look to the language of the statute and the purpose that is to be accomplished by it. *Rice v. CertainTeed Corp.*, 84 Ohio

---

1. The legislature amended this statute in 2008, after Thomas filed his adoption petition, to state that a court must find by clear and convincing evidence that a parent has failed to provide more than de minimis contact or to provide maintenance and support before an adoption can proceed without that parent's consent. This change does not affect the issues presented here.

St.3d 417, 419, 704 N.E.2d 1217 (1999). "When we conclude that a statute's language is clear and unambiguous, we apply the statute as written, * * * giving effect to its plain meaning." *In re Estate of Centorbi*, 129 Ohio St.3d 78, 2011-Ohio-2267, 950 N.E.2d 505, ¶ 14. Further, this court construes a statute "as a whole and give[s] [it] such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative." *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.,* 95 Ohio St. 367, 373, 116 N.E. 516 (1917); *see generally* R.C. 1.47(B) (in enacting a statute, it is presumed that the General Assembly intended the entire statute to be effective).

{¶ 20} The General Assembly did not define the terms "maintenance" and "support" in R.C. 3107.07(A). *Black's Law Dictionary* 1039 (9th Ed.2009), however, defines "maintenance" as "[f]inancial support given by one person to another" and "support" as "[s]ustenance or maintenance; esp., articles such as food and clothing that allow one to live in the degree of comfort to which one is accustomed." *Id.* at 1577. And, giving effect to every word in the statute, we note that the maintenance and support required by R.C. 3107.07(A) is that which is specifically "required by law or judicial decree." Further, the statute directs that the consent of a parent who has failed without justifiable cause to provide for the maintenance and support required by law or judicial decree of a minor child for a period of one year preceding the filing of the adoption is not required for the adoption of the child. De minimis monetary gifts from a biological parent to a minor child do not constitute maintenance and support, because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires. To decide otherwise would render the phrase "as required by law or judicial decree" meaningless.

**Standard of review**

{¶ 21} This court has held that it is a question of fact whether a parent of a minor has willfully failed to provide for the maintenance and support of a minor child. *In re Adoption of Biddle*, 168 Ohio St. 209, 216, 152 N.E.2d 105 (1958). A probate judge has discretion to determine whether the biological parent provided support as contemplated by R.C. 3107.07(A) "and his or her judgment should not be tampered with absent an abuse of discretion." *See In re Adoption of Bovett*, 33 Ohio St.3d at 107, 515 N.E.2d 919 (Douglas, J., concurring); *see also In re Adoption of Charles B.*, 50 Ohio St.3d 88, 552 N.E.2d 884 (1990), paragraph three of the syllabus ("adoption matters must be decided on a case-by-case basis through the able exercise of discretion by the trial court").

{¶ 22} We continue to adhere to *Bovett*, in which we held that "[p]ursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause." 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph one of the syllabus. We also remain mindful of the admonition in *Santosky v. Kramer*, 455 U.S. 745, 747-748, 102 S.Ct. 1388, 71 L.Ed. 2d 599 (1982), that "[b]efore a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence."

{¶ 23} R.C. 3107.07(A) does not require parental consent to adoption if the parent either failed to communicate with or failed to support the child for a minimum of one year preceding the filing of the adoption petition and if there was no justifiable cause for the failure. In applying this statute, a probate court undertakes a two-step analysis. First, to determine if a parent made a financial contribution that comports with the requirements of R.C. 3107.07(A) to contribute maintenance and support and second, if it finds a failure of support, then to

determine whether justifiable cause for the failure has been proved by clear and convincing evidence.

**{¶ 24}** And as we held in *Masa* and affirmed in *Bovett*, "[t]he question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." *In re Adoption of Masa*, 23 Ohio St.3d 163, 492 N.E.2d 140, at paragraph two of the syllabus.

**{¶ 25}** Today, we answer the question raised by Justice Douglas in his concurring opinion in *Bovett*—whether a parent's making a single payment of support or sending a Christmas card is sufficient support to frustrate R.C. 3107.07(A), or on the other end of the spectrum, whether a parent's missing one or two payments of support in the year preceding the filing of an adoption petition negates the need for parental consent to adoption. A trial court has discretion to make these determinations, and in connection with the first step of the analysis, an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision regarding whether a financial contribution from a parent constitutes maintenance and support for purposes of R.C. 3107.07(A).

**{¶ 26}** In the instant matter, a Florida court ordered Stephen to pay $1,000 per month as support for M.B., and he concedes that he failed to make *any* of those payments between September 12, 2007, and September 12, 2008, the year preceding the filing of the adoption petition. He did not provide for the maintenance and support of the child as required by law or judicial decree. Nonetheless, he contends that by providing M.B. with a $125 gift card for Christmas and a $60 cash gift for her birthday, he provided maintenance and support during the requisite year. However, these gifts were neither legally nor judicially required, and they represent only a small portion of one monthly child-support obligation and an even smaller portion of the annual obligation. A gift is

a voluntary transfer of property to another made gratuitously by a donor. *Bolles v. Toledo Trust Co.*, 132 Ohio St. 21, 4 N.E.2d 917 (1936), paragraph one of the syllabus. The Christmas gift card and birthday cash are de minimis gifts, not maintenance and support triggering the requirement for Stephen's consent to the adoption, and they were not made pursuant to court order as the statute requires. Thus, Stephen failed to provide maintenance and support to M.B. as required by law or judicial decree for the year preceding the filing of the adoption petition.

{¶ 27} A biological parent's consent to adoption would be required if that parent could show by clear and convincing evidence some justifiable cause for the failure to provide support. *See In re Adoption of Bovett*, 33 Ohio St.3d 102, 515 N.E.2d 919, at paragraph two of the syllabus. In this case, however, the probate court concluded that no justifiable cause existed, and Stephen did not challenge that determination in the court of appeals and does not dispute it here.

{¶ 28} The record before us demonstrates by clear and convincing evidence that Stephen failed to provide maintenance and support without justifiable cause for the year preceding the filing of the adoption petition, and thus R.C. 3107.07(A) specifies that his consent to the adoption was not required.

**Conclusion**

{¶ 29} De minimis monetary gifts from a biological parent to a minor child do not constitute maintenance and support, because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires. Accordingly, we answer the first certified question in the negative.

{¶ 30} A probate court determination of whether a financial contribution constitutes maintenance and support for purposes of R.C. 3107.07(A) is reviewed for an abuse of discretion; but whether justifiable cause for the failure to pay child support has been proved by clear and convincing evidence is a separate question for the probate court and will not be disturbed on appeal unless it is against the

manifest weight of the evidence. Thus, we clarify the dual nature of the standard of review on this question.

{¶ 31} Accordingly, the judgment of the appellate court is reversed, and the judgment of the probate court is reinstated.

So ordered.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Carmen V. Roberto, for appellant.

Scot Stevenson, for appellee.

_____