[Cite as *In re Adoption of D.M.E.*, 2014-Ohio-3370.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:

ADOPTION OF D.M.E.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. CT2014-0019


O P I N I O N




CHARACTER OF PROCEEDING:        Appeal from the Muskingum County Court
                                of Common Pleas, Probate Division, Case
                                No. 20134033


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         July 28, 2014


APPEARANCES:


For Appellee                    For Appellant


SUSAN J. MONTGOMERY MCDONALD    JEANETTE M. MOLL
Gottlieb, Johnston, Bean & DalPonte, PLL    Jeanette M. Moll, LLC
320 Main Street                 PO Box 461
PO Box 190                      803 B Market Street
Zanesville, Ohio 43702-0190     Zanesville, Ohio 43701

*Hoffman, P.J.*

{¶1} Appellant Denise Eminhizer appeals the March 14, 2014 Entry entered by the Muskingum County Court of Common Pleas, Probate Division, which dismissed her Petition for Adoption. Appellee is Tisha Watiker ("Mother").

STATEMENT OF THE FACTS AND CASE

{¶2} Mother is the biological mother of D.M.E. (dob 9/14/2007). On April 12, 2011, the Muskingum County Court of Common Pleas, Juvenile Division, granted legal custody of D.M.E. to Appellant, a family friend. D.M.E. had been placed in the temporary custody of Appellant on January 12, 2011, during an open Muskingum County Children Services case involving Mother.

{¶3} Mother was incarcerated for a period of eleven months between May 7, 2012, and February 9, 2013. During her incarceration, Mother did not make any efforts to seek parenting time with D.M.E.

{¶4} On November 13, 2013, Appellant filed a Petition for Adoption of D.M.E. pursuant to R.C. 3107.05. Therein, Appellant alleged Mother's consent was not required as:

a. The parent has failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner; and

b. The parent has failed without justifiable cause to provide for the maintenance and support of the minor as required by law of judicial decree for a period of at least one year immediately preceding the filing of

the adoption petition or the placement of the minor in the home of the petitioner.

{¶5} The one year period in question is November 13, 2012, to November 13, 2013. The petition further alleged the consent of D.M.E.'s father was not required as the father was not known and no person had timely registered as putative father of the child pursuant to R.C. 3107.062.

{¶6} On December 11, 2013, Mother, with permission from the trial court, filed an objection to the petition. The trial court scheduled the matter for hearing on January 16, 2014. Following the presentation of testimony, the parties filed respective findings of fact and conclusions of law.

{¶7} At the hearing, Dick Watiker, Mother's father, with whom Mother lives, testified he tried on a number of occasions to arrange for himself and Mother to spend time with D.M.E. after Mother's release from prison. Watiker explained he contacted Appellant on Mother's behalf because the relationship between Mother and Appellant was strained at best. Exhibit A contained records for Watiker's cell phone, which showed 16 outgoing calls from Watiker's phone to Appellant's phone, and 1 incoming call from Appellant's phone to Watiker's phone between November 13, 2012, and November 13, 2013. Seven pages of Exhibit B revealed a series of text messages sent from Watiker to Appellant between February 22, 2013, and September 8, 2013.

{¶8} Mother testified she filed pro se documents with the juvenile court prior to November 13, 2013, after she became frustrated when her attempts to see D.M.E. proved futile. The juvenile court clerk informed Mother Attorney Susan McDonald

remained her attorney. Mother had her first appointment with Attorney McDonald on October 22, 2013.

{¶9} On October 24, 2013, Mother filed a Complaint to Establish Parenting Time in the Muskingum County Juvenile Court. The complaint was never served on Appellant per order of the juvenile court, which decided not to proceed on the complaint until the adoption was heard in February, 2014.

{¶10} With respect to maintenance and support, the testimony revealed Mother became employed at Rally's Restaurant in June, 2013, and immediately advised her supervisor of her support obligation. Three support payments were made in the year prior to the filing of the petition on October 9, 2012, October 23, 2013, and November 6, 2013.

{¶11} Via Entry filed February 20, 2014, the trial court determined, upon application of the two pronged test set forth in R.C. 3107.07(A) to the facts in the case, Mother's consent was necessary. The trial court found Appellant failed to establish by clear and convincing evidence that either of the two prongs were satisfied. The trial court found Appellant "failed to show that [Mother] abandoned her child by failing to support her child for the one year period in question." The trial court also noted Appellant did establish Mother failed to provide more than de minimis contact with D.M.E. for the year in question, however, the court found Appellant "failed to show that it was without justifiable cause."

{¶12} Mother subsequently filed a motion to dismiss the petition based upon the trial court's findings. Via Entry filed March 14, 2014, the trial court granted Mother's motion and dismissed Appellant's petition for adoption.

{¶13} It is from this entry Appellant appeals, raising as error:

{¶14} "I. THE MUSKINGUM COUNTY PROBATE COURT COMMITTEED [SIC] REVERSIBLE ERROR IN FINDING CONSENT NECESSARY WHERE THERE WAS NOT MORE THAN DE MINIMUS CONTACT IN THE YEAR PRECEEDING [SIC] THE FILING OF THE PETITION.

{¶15} "II. THE MUSKINGUM COUNTY PROBATE COURT COMMITTED REVERSIBLE ERROR IN FINDING CONSENT NECESSARY WHERE THE MOTHER HAD NOT SUPPORTED THE MINOR CHILD PURSUANT TO JUDICIAL DECREE IN THE ONE YEAR PRECEEDING [SIC] THE FILING OF THE PETITION."

I

{¶16} In her first assignment of error, Appellant contends the trial court erred in finding Mother's consent was necessary as Mother did not provide more than de minimis contact with the child in the year preceding the filing of the petition.

{¶17} R.C. 3107.07(A) provides:

Consent to adoption is not required of any of the following:

A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor _or_ to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. (Emphasis added).

{¶18} Therefore, for Appellant to prevail in this adoption proceeding without Mother's consent, she must prove by clear and convincing evidence (1) there has been a failure of communication **_or_** support by Mother for the one-year period **_and_** (2) the failure is unjustified.

{¶19} "The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication." *In re Adoption of Holcomb,* 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). See also *In re Adoption of Bovett,* 33 Ohio St.3d 102, 104, 515 N.E.2d 919 (1987). "No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." *Holcomb* at 368. "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. * * * The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." *Id.*

{¶20} Mother made repeated attempts (albeit indirectly through a third party) to contact Appellant to arrange visits with the child.  Appellant hindered any contact, which is significant because Appellant must also establish the failure to communicate was without justifiable cause. "If the natural parent presents evidence showing that his failure to communicate was not unjustified, the petitioner must prove by clear and convincing evidence that such failure was not justified." *In re Adoption of Shea,* 10th Dist. No. 90–AP–245, 1990 WL 106468, (July 24, 1990),citing *Holcomb,* supra.

**{¶21}** The *Holcomb* Court further held: "Significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication, is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child. The question of whether justifiable cause exists in a particular case is a factual determination for the probate court and will not be disturbed upon appeal unless such determination is unsupported by clear and convincing evidence." 18 Ohio St.3d 361, 481 N.E.2d 613, paragraph three of the syllabus.

**{¶22}** The trial court found Appellant met her burden of proving, by clear and convincing evidence, Mother failed to communicate with the minor child during the requisite one-year period, but failed to establish there was no justifiable cause for the failure of communication. We further find the trial court's decision is supported by clear and convincing evidence establishing Mother attempted to have contact with the minor child within the one-year period, but her failure was justifiable.

**{¶23}** Appellant's first assignment of error is overruled.

II

**{¶24}** In her second assignment of error, Appellant maintains the trial court erred in finding Mother's consent was necessary as Mother had failed to support the minor child in the one year preceding the filing of the petition.

**{¶25}** The relevant inquiry is not whether the parent provided support as would be expected, "but whether the parent's failure to support * * * is of such magnitude as to be the equivalent of abandonment." *Gorski v. Myer,* 5th Dist. No.2005CA00033, 2005–Ohio–2604, ¶ 14, *citing Celestino v. Schneider,* 84 Ohio App.3d 192(6th Dist.1992). The

Ohio Supreme Court emphasized that monetary gifts to the child do not qualify as support because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires. *In re: Adoption of M.B.,* 131 Ohio St.3d 186, 2012–Ohio–236, 963 N.E.2d 142, ¶ 20. A probate judge has discretion to determine whether the biological parent provided support as contemplated by R.C. 3107.07(A) "and his or her judgment should not be tampered with absent an abuse of discretion." See, *Bovett*, supra; *See also In re: Adoption of Charles B.,* 50 Ohio St.3d 88, 552 N.E.2d 884 (1990), paragraph three of the syllabus ("adoption matters must be decided on a case-by-case basis through the able exercise of discretion by the trial court"). *In re: Adoption of M.B.,* supra at ¶ 21.

{¶26} In *In re: Adoption of M.B.,* the Ohio Supreme Court  addressed the question of "whether a parent's making a single payment of support or sending a Christmas card is sufficient support to frustrate R.C. 3107.07(A), or on the other end of the spectrum, whether a parent's missing one or two payments of support in the year preceding the filing of an adoption petition negates the need for parental consent to adoption." *Id.* at para. 25.  The High Court concluded, "A trial court has discretion to make these determinations, and in connection with the first step of the analysis, an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision regarding whether a financial contribution from a parent constitutes maintenance and support for purposes of R.C. 3107.07(A)." *Id.*

{¶27} Appellant contends although Mother was employed, commencing in June, 2013, she did not pay any child support until October, 2013. Appellant concludes Mother's failure to make child support payments while employed was "the legal

equivalent of abandonment" yet Mother offered "no justifiable cause beyond an alleged delay in the withholding order." Brief of Appellant at 17.

{¶28} Upon securing employment in June, 2013, Mother immediately advised her employer of the support obligation and contacted the Child Support Enforcement Agency. CSEA withheld the child support from Mother's paycheck commencing on October 9, 2013. The trial court found Mother's actions did not constitute a failure to provide maintenance and support. We find the trial court did not abuse its discretion in making this determination.

{¶29} Appellant's second assignment of error is overruled.

{¶30} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur