[Cite as *In re Adoption of R.M.C.T.*, 2017-Ohio-5800.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| IN RE: THE ADOPTION OF R.M.C.T. | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| K.S.-T and R.A.-T | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | : | | |
| | : | | |
| -vs- | : | | |
| | : | | |
| T.B. | : | | Case No. 17-CA-13 |
| | : | | |
| Defendant-Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING: 　　　　　Appeal from the Fairfield County
　　　　　　　　　　　　　　　　　　　　　　　　　　Court of Common Pleas, Probate
　　　　　　　　　　　　　　　　　　　　　　　　　　Division, Case No. 20160039

JUDGMENT: 　　　　　　　　　　　　　　　Affirmed

DATE OF JUDGMENT: 　　　　　　　　　July 10, 2017

APPEARANCES:

For Plaintiffs-Appellants 　　　　　　　　　For Defendant-Appellee

DORIAN KEITH BAUM 　　　　　　　　　　T.B., Pro Se
Baum Law Offices, LLC 　　　　　　　　　41 N. 40th St. B2
123 South Broad St., Suite 314 　　　　　Newark, Ohio 43055
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}   Plaintiffs-appellants K.S.-T  and R.A.-T appeal from the February 8, 2017 Entry of the Fairfield County Court of Common Pleas, Probate Division, holding that appellee T.B.'s consent to the adoption of R.M.C.T. was required and dismissing their petition to adopt R.M.C.T.

STATEMENT OF THE FACTS AND CASE

{¶2}   R.M.C.T. was born on June 12, 2015 and is the biological son of appellee T.B. At the time of R.M.C.T.'s birth, appellee was in prison. In November of 2015, R.M.C.T.'s mother left him with appellants. Appellants have cared for R.M.C.T. since such time without any financial assistance, support or maintenance from appellee.

{¶3}   On August 23, 2016, appellants filed a petition seeking to adopt R.M.C.T. The child's mother consented to the adoption, but appellee objected. An evidentiary hearing was held on November 23, 2016. At the hearing, there was testimony  that appellee had been in prison from June of 2015 until January 22, 2016 for felony theft and then again from February 14, 2016 until April 19, 2016 for felony attempted robbery. Appellee visited with the child in June of 2015 and October of 2015 and several other times before when the child's mother brought him to visit appellee while he was in prison.

{¶4}   At the hearing, appellee testified that, after his release from prison on January 22, 2016, he contacted appellant K.S.-T by phone seeking visitation with his son. She told him that she was busy and would contact him later, but never did. Appellee testified that he tried calling again, but there was no answer. He further testified that he was then told by the child's mother to leave appellants alone.  Appellee learned that he was blocked on Facebook from contacting appellants.  Appellee admitted at the hearing

that he did not provide any money to appellants for his son's care, but testified that he had been unable to do so because he had no income while in jail and since he could not get in contact with appellants. Appellee never contacted child support.

{¶5} In June of 2016, appellee obtained employment that he had maintained as to the date of the hearing. On August 5, 2016, he filed a pro se complaint for parentage, seeking reasonable parenting time. On the same date, he filed an affidavit of income and expenses indicating that he made approximately $14,000.00 a year and had no housing monthly expenses. At the time, appellee was residing with his grandfather. Appellee agreed that he did not pay any support between June of 2016 and August 5, 2016.

{¶6} At the hearing, appellee's mother testified that she had tried to make contact with appellant K.S.-T. to see her grandson, but her messages were not returned and/or her calls were not accepted.

{¶7} At the hearing, appellants denied that either appellee or his family had contacted them.

{¶8} The trial court, in an Entry filed on February 8, 2017, found, in part, that appellee's consent to the adoption was required because appellants had failed to prove by clear and convincing evidence pursuant to R.C. 3107.07 that appellee failed without justifiable cause to provide for the maintenance and support of the minor for a period of at least one year immediately preceding the filing of the adoption petition. The trial court dismissed the petition based on appellee's objection.

{¶9} Appellants now raise the following assignment of error on appeal:

{¶10} I. THE PROBATE COURT'S DECISION THAT APPELLANT'S (SIC) CONSENT TO THE ADOPTION OF THE SUBJECT MINOR CHILD WAS NECESSARY

IS CONTRARY TO LAW AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I

{¶11} Appellants, in their first assignment of error, argue that the trial court erred in finding that appellee's consent to the adoption of R.M.C.T. was necessary. Appellants specifically contend that the trial court erred in finding that appellee's undisputed failure to provide support and maintenance for the minor child during the one year period prior to the filing of the adoption petition did not rise to the level of abandonment.

{¶12} The Supreme Court of the United States has recognized that natural parents have a fundamental liberty interest in the care, custody, and management of their children. *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). A parent's right to raise a child is an essential civil right. *In re Murray,* 52 Ohio St.3d 155, 556 N.E.2d 1169 (1990). An adoption permanently terminates the parental rights of a natural parent. *In re Adoption of Reams,* 52 Ohio App.3d 52, 557 N.E.2d 159 (10th Dist.1989). Thus, courts must afford the natural parent every procedural and substantive protection allowed by law before depriving the parent of the right to consent to the adoption of his child. *In re Hayes,* 79 Ohio St.3d 46, 679 N.E.2d 680 (1997).

{¶13} The termination of a natural parent's right to object to the adoption of his or her child requires strict adherence to the controlling statutes. *In re Adoption of Kuhlmann,* 99 Ohio App.3d 44, 649 N.E.2d 1279 (1994). Ordinarily, the written consent of a minor child's natural parents is required prior to adoption. R .C. 3107.07 provides exceptions to this requirement.

{¶14} R.C. 3107.07(A) states that consent to adoption is not required of:

A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimus contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

**{¶15}** Appellants have the burden of proof in this action. With regard to support, the relevant inquiry is not whether the parent provided support as would be expected, "but whether the parent's failure to support * * * is of such magnitude as to be the equivalent of abandonment." *Gorski v. Myer,* 5th Dist. Stark No.2005CA00033, 2005–Ohio–2604 at paragraph 14. A probate judge has discretion to determine whether the biological parent provided support as contemplated by R.C. 3107.07(A) "and his or her judgment should not be tampered with absent an abuse of discretion." *In re Adoption of Bovett,* 33 Ohio St.3d 107, 515 N.E.2d 919 (1987).

**{¶16}** "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof." *In re Adoption of Holcomb,* 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence. *Id.* Clear and convincing evidence is the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be

established." *In re: Estate of Haynes,* 25 Ohio St.3d 101, 495 N.E.2d 23 (1986) at paragraph 24.

**{¶17}** With respect to a failure to support, the Ohio Supreme Court stated, "[t]he question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." *In re Adoption of M.B.,* 131 Ohio St.3d 186, 2012–Ohio–236, 963 N.E.2d 142.

**{¶18}** Therefore, for appellants to prevail in this adoption proceeding without appellee's consent, they must prove by clear and convincing evidence that: (1) there has been a failure of communication or support by appellee for the one-year period and (2) the failure is unjustified.

**{¶19}** Appellants must also establish the failure to communicate or support was without justifiable cause. If the petitioner meets his burden of proof, then the natural parent has the burden of going forward with evidence to show some justifiable cause for his or her failure to support or contact the child. However, the burden of proof never shifts from the petitioner. *In re Adoption of Bovett,* 33 Ohio St.3d 102, 515 N.E.2d 919 (1987).

**{¶20}** In the case sub judice, the trial court found that appellee had justifiable reasons for failing to provide support and maintenance. The trial court noted that appellee had been incarcerated from August 23, 2015 until January 22, 2016 and then again from February 14, 2016 to April 19, 2016 and was unable to pay support during such time. The trial court further found that after he was released from prison and able to obtain employment in June of 2016, appellee tried

to contact appellants by telephone and Facebook, but that they did not answer his calls and blocked him on Facebook. As noted by the trial court, appellants:

> thus concealed not only [the child] from [appellee], but also themselves. In order to visit with [the child] or provide support for [the child], [appellee] was forced to avail himself of the judicial system. Therefore, he filed on August 5, 2016 a pro se Complaint for Parentage seeking a grant of reasonable parenting time along with and (sic) Affidavit of Income and Expenses for purposes of the court establishing a support order for [the child]. These are not the actions of a parent abandoning his child.

**{¶21}** The trial court further emphasized that appellants had not sought support from appellee either personally or otherwise.

**{¶22}** The trial court, as the trier of fact here, determines the weight and credibility of the evidence. *Seasons Coal Co., Inc. v. City of Cleveland,* 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board,* 66 Ohio St.3d 619, 614 N.E.2d 748 (1993). Here, the trial court obviously chose to believe the testimony of appellee regarding why he did not support the child. From his testimony, the trial court could conclude that his failure to support to the child was justified due to significant discouragement of communication by appellants and, for at least part of the time, due to lack of income. We find there is sufficient evidence to support the trial court's decision.

**{¶23}** Appellants' sole assignment of error is, therefore, overruled.

**{¶24}** Accordingly, the judgment of the Fairfield County Court of Common Pleas, Probate Division, is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.