**[Cite as *In re Adoption of A.V.H.*, 2019-Ohio-369.]**

STATE OF OHIO        )                IN THE COURT OF APPEALS

                         )ss:            NINTH JUDICIAL DISTRICT

COUNTY OF SUMMIT     )

IN RE: ADOPTION OF A.V.H.              C.A. No.     29103

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2017 AD 19

DECISION AND JOURNAL ENTRY

Dated: February 6, 2019

CALLAHAN, Judge.

**{¶1}** Appellant, Matthew W. ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Probate Division, that held that his consent was not required for the adoption of his minor child by the child's stepfather, Chad H. ("Stepfather"). Because Stepfather did not present clear and convincing evidence that Father failed to provide maintenance or support for the child during the one-year look-back period, this Court reverses and remands.

I.

**{¶2}** Father and Sarah H. ("Mother") are the biological parents of A.V.H., born October 23, 2013. Mother and Father divorced during September 2015, and Mother was awarded custody of the child. Father was granted a standard order of companionship time with the child and was ordered to pay child support of $50 per month at that time. The parties'

divorce decree further provided that if Father was "unavailable or absent from the Akron area, his parents shall have companionship time with [A.V.H.] in his place."

{¶3} Father exercised his companionship time with A.V.H. after the divorce, but two months later, he began serving a three-year term of incarceration on a felony conviction. The paternal grandparents ("Grandparents") took over his companionship time from that time forward.

{¶4} Mother married Stepfather on May 21, 2016. On February 14, 2017, Stepfather filed a petition to adopt A.V.H. He attached Mother's signed consent to the adoption and alleged that Father's consent was not required because Father had failed without justifiable cause to communicate with or provide for the maintenance and support of the child for at least one year immediately preceding the filing of the petition. *See* R.C. 3107.07(A).

{¶5} The case proceeded to a hearing before a magistrate on whether Father's consent to the adoption was required. Because the trial court ultimately focused only on whether Father had failed to provide for the maintenance and support of A.V.H. without justifiable cause, this Court will confine its review to that issue. At the time of the hearing, Father was still incarcerated, but participated in the hearing via videoconference.

{¶6} The evidence at the hearing revealed that Father earned $12 per month at the prison. The Child Support Enforcement Agency ("CSEA") was withdrawing three dollars each month from Father's prison account, but, for reasons not explained on the record, it was deducting child support for Father's child by a different mother, but not for A.V.H. CSEA had intercepted $12.23 from Father's income tax refund and sent it to Mother as child support for A.V.H. No one disputed at the hearing that Father himself had provided A.V.H. with only one

payment of $12.23 during the relevant one-year period. Stepfather and the trial court focused on that dollar amount as the only maintenance and support that Father had provided to A.V.H.

{¶7} There was also undisputed evidence, however, that A.V.H. visited at Grandparents' home on a regular basis and, while she was there, Grandparents provided for all of her needs. Stepfather's evidence did not address the care provided by Grandparents as part of the maintenance and support provided by Father. Instead, Stepfather focused his evidence on whether Father had justifiable cause for paying only $12.23 in support. He presented evidence that Grandparents had made regular deposits to Father's prison account, which averaged over $300 per month. He argued that, for that reason, Father lacked justifiable cause for failing to pay more than $12.23 in child support.

{¶8} Following the hearing, the magistrate decided that Father's consent to the adoption was not required because, during the one-year period immediately preceding the filing of the petition, Father had failed, without justifiable cause, to provide for maintenance or support of A.V.H. The trial court adopted the magistrate's decision.

{¶9} Father filed timely objections and raised numerous arguments, including that he had supported A.V.H. through the maintenance and support provided by Grandparents during their regular companionship time with the child. The trial court did not explicitly address that argument, but instead focused only on the $12.23 tax intercept. The trial court overruled Father's objections and held that Father's consent to the adoption was not required because of his unjustifiable failure to pay maintenance or support for A.V.H. during the relevant one-year period. Father appeals and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN DETERMINING THAT FATHER'S CONSENT WAS NOT NECESSARY IN ORDER FOR A STEPPARENT ADOPTION TO TAKE PLACE.

{¶10} Father's sole assignment of error is that the trial court committed reversible error in concluding that his consent to the adoption of A.V.H. was not required under R.C. 3107.07(A). R.C. 3107.06 generally requires the written consent of the natural parents of a minor child who is the subject of a petition to adopt. However, consent is not required under R.C. 3107.07(A), which provides that a parent's consent to adoption is not required if the trial court finds by clear and convincing evidence that the parent has "failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition[.]"

{¶11} The Ohio Supreme Court has repeatedly emphasized that, in construing the language of R.C. 3107.07:

> Our analysis must begin with the recognition that the right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law. Adoption terminates those fundamental rights. For this reason, we have held that "* * * [a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children."

(Internal citations omitted.) *In re Adoption of Masa*, 23 Ohio St.3d 163, 164 (1986). *See also In re Adoption of P.L.H.*, 151 Ohio St.3d 554, 2017-Ohio-5824, ¶ 23.

{¶12} Consequently, Stepfather had the burden to prove, by clear and convincing evidence both (1) that Father had failed to provide maintenance or support to the child for the requisite one-year look-back period, and (2) that his failure was without justifiable cause. *In re*

*Adoption of Masa* at paragraph one of the syllabus. Clear and convincing evidence is that which will "'produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶13} As the Supreme Court has emphasized, the probate court must conduct a two-step inquiry. *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 23. The first step of this inquiry was for the trial court to "determine if a parent made a financial contribution that comports with the requirements of R.C. 3107.07(A) to contribute maintenance and support[.]" *Id*. Only after the trial court finds clear and convincing evidence of a lack of sufficient maintenance and support does it go to the second step of the test to determine whether the parent had justifiable cause for his failure to pay. *Id*.

{¶14} This Court will confine its review to the first step of the inquiry because it is dispositive. It was within the trial court's discretion to determine whether Father had provided sufficient maintenance and support to preserve his parental right to withhold consent to the adoption. *Id*. at ¶ 25. The trial court did not have the discretion, however, to ignore relevant evidence that was presented for its consideration at the hearing. *See*, *e.g*., *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, ¶ 57.

{¶15} Because R.C. 3107.07(A) does not define "maintenance" or "support" we construe those terms according to their plain and ordinary meanings. *See* R.C. 1.42. "'Maintenance'" is defined as "'[f]inancial support given by one person to another[,]'" and "'support'" as "'[s]ustenance or maintenance; esp., articles such as food and clothing that allow one to live in the degree of comfort to which one is accustomed.'" *In re Adoption of M.B.* at ¶ 20, citing *Black's Law Dictionary* 1039 (9th Ed.2009).

{¶16} Several appellate districts have held that a non-custodial parent who regularly visits with the child weekly or biweekly and provides "food, shelter and other necessities such as clothing, diapers or shoes for the child" has supplied sufficient maintenance and support during the one-year period to avoid forfeiture of his or her right to consent to the adoption under R.C. 3107.07(A). *See, e.g.*, *In re Adoption of D.J.S.*, 5th Dist. Tuscarawas No. 2017 AP 08 0023, 2017-Ohio-8567, ¶ 17-19 (citing cases from the Third, Fourth, and Sixth Appellate Districts).

{¶17} No one disputed that Father himself had provided only $12.23 in child support paid directly to Mother during the relevant one-year period. The trial court ended its maintenance and support inquiry there, however, and moved to the second step of the inquiry. Prior to the second step of the inquiry, however, the trial court was required to fully consider the evidence before it about whether Father had sufficiently provided for the maintenance and support of A.V.H.

{¶18} In addition to the $12.23 child support payment, the trial court had evidence before it that Grandparents, on behalf of Father, had taken over Father's companionship time and provided for all of the child's needs during her regular companionship time at their home. Father pointed to that evidence in his objections to the magistrate's decision and emphasized that the burden to prove a lack of support was on Stepfather, yet the trial court failed to explicitly consider that evidence in overruling Father's objections.

{¶19} After Father was incarcerated, Grandparents stepped into Father's shoes to exercise his companionship time, as set forth in the divorce decree. A.V.H. stayed at their home on a regular basis and, while she was there, Grandparents provided her with food, clothing, toys, entertainment, child care, and met all of her other needs. From the beginning of the look-back period on February 14, 2016, until May 2016, A.V.H. spent every weekend from Sunday

morning until Monday evening and all day on Wednesdays, from 7 a.m. to 7 p.m., with Grandparents. From May 2016, through the remainder of the one-year period, A.V.H. was cared for by Grandparents every other Saturday morning through Sunday evening and for 10 hours every other Wednesday. Grandmother further testified that both parents worked on Wednesdays while Grandparents cared for the child for the entire day.

{¶20} During the one-year look-back period, young A.V.H. had spent at least 93 days with Grandparents, during which they fed, bathed, and clothed her; supervised, entertained, and cared for her; and met all of her other needs. Although no financial value was placed on the support provided by Grandparents, it was Stepfather's burden to prove, by clear and convincing evidence, that their support was not sufficient to defeat the operation of R.C. 3107.07(A). The trial court erred by failing to consider the support provided by Grandparents and by not requiring Stepfather to prove, by clear and convincing evidence, that this support was not sufficient to preserve Father's right to withhold consent to the adoption of A.V.H. Father's assignment of error is sustained for that reason.

### III.

{¶21} Father's assignment of error is sustained insofar as it alleges that Stepfather failed to prove that Father failed to provide for the maintenance and support of A.V.H. during the relevant one-year period. The judgment of the Summit County Court of Common Pleas, Probate Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

CORINNE HOOVER SIX and JACK HINNEBERG, Attorneys at Law, for Appellee.