[Cite as *In re S.C.*, 2025-Ohio-83.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

In the Matter of S.M.C.

Court of Appeals No. H-24-030

Trial Court No. AD20230003

**<u>DECISION AND JUDGMENT</u>**

Decided: January 10, 2025

* * * * *

Gina M. McNea, for appellees.

Zachary E. Dusza, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This matter is before the court on the expedited appeal of the August 14, 2024 judgment of the Huron County Court of Common Pleas, Probate Division, finding by clear and convincing evidence that the adoption of S.C., a minor child, was in the best interest of S.C. and, therefore, granting a final decree of adoption in favor of petitioners/appellees Sh.C and M.C. (maternal grandmother and her husband). Finding no error, we affirm.

{¶ 2} Appellant, A.M. (father) and K.D. (mother) are the biological parents of S.C., born on August 10, 2015. K.D. passed away in 2018. Following the mother's death, appellant and Sh.C. briefly shared parenting of S.C. In April, 2020, Sh.C. filed for a modification of the shared parenting plan, requesting that she be designated the sole legal custodian of S.C., after S.C. returned from a visit with appellant with multiple bruises and a burn. In August, 2020, Sh.C.'s modification request was granted, Sh.C. was designated as the sole legal custodian of S.C., and A.M. was granted supervised visitation at Kinship House. Appellant ceased exercising visitation with S.C. in October, 2021, which was his last contact with S.C.

{¶ 3} On June 13, 2023, appellees petitioned the trial court for the adoption of S.C. On December 18, 2023, the trial court held a consent hearing to determine whether the consent of A.M. (father) was necessary for the adoption. K.D. (mother) was deceased. A.M., who was incarcerated at the time of the hearing for community control violations arising from an unrelated felony conviction, was transported from his place of incarceration to the trial court to participate in the hearing. On January 16, 2024, the trial court found that appellees had proven by clear and convincing evidence that A.M. last had contact with S.C. in October, 2021, a period of more than two years, thereby satisfying the at least one year of de minimis contact preceding the petition filing requirement relevant to the consent determination. Accordingly, the trial court determined that appellant's consent was not necessary.

2.

{¶ 4} On July 12, 2024, the trial court next held a trial on the issue of whether granting the petition for adoption was in the best interest of S.C. Because A.M. had been incarcerated since May, 2024, on a second, unrelated criminal conviction, separate from the conviction causing his incarceration during the December, 2023 consent hearing, A.M. was again transferred from his place of incarceration to the trial court for participation in the hearing.

{¶ 5} During the course of the hearing, the trial court was provided unrefuted evidence via the testimony of the adoption assessor, as collaborated by the testimony of appellees, that appellant had had no contact with S.C. since October, 2021, and had also declined to participate in communications regarding S.C. through the "ourfamilywizard" online communication portal.

{¶ 6} The trial court noted that appellant's consent was unnecessary given the prior determination that appellant had not shown justifiable cause for his failure to have any contact with S.C. since October, 2021. The adoption assessor testified in detail that S.C. had been in the sole legal custody of Sh.C. since October, 2020, was bonded with appellees, was stable, was healthy, and was active, including participating in children's dance programs. The trial court further noted that during a July 22, 2024 in camera interview of S.C., S.C. clearly and unequivocally conveyed her wish to remain with appellees and to not have contact with A.M..

**{¶ 7}** Accordingly, the trial court held, in pertinent part,

> [T]he court cannot find any form of future contact between [A.M.] and [S.C.] would be in the child's best interest. Permanency and stability are important for any child, but particularly for [S.C.] whose mother passed away before [she] was three years of age. [S.C.] is well-adjusted to her household, her school, and her community. Based on the foregoing, the court finds clearly and convincingly that the adoption of [S.C.] by [appellees] will be in the child's best interest.

This appeal ensued.

**{¶ 8}** On appeal, appellant argues that the trial court abused its discretion in granting appellees' adoption petition and that the decision was against the manifest weight of the evidence. We do not concur.

**{¶ 9}** It is well-established that a probate court's decision to grant or deny an adoption petition is generally reviewed under an abuse of discretion standard. *In re Adoption of Ridenour*, 61 Ohio St.3d 319, 320 (1991). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶ 10}** As set forth in *In re Adoption of B.A.H.*, 2012-Ohio-4441, ¶ 21 (2d Dist.), "In determining whether a judgment is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that there must be a reversal of the judgment."

4.

{¶ 11} In conjunction, as elaborated by this court in *In re Adoption of A.W.*, 2022-Ohio-3360, ¶ 13-14 (6th Dist.),

> Where the claim is lack of contact, the trial court must find that petitioner has proven, by clear and convincing evidence, there was no more than de minimus contact for at least a year prior to the petition, and we review the decision regarding this factual question for an abuse of discretion. (Citation omitted). *In re Adoption of B.V.K.M.*, 6th Dist. Lucas No. L-18-1137, 2019-Ohio-1173, ¶ 23 * * * In reviewing a trial court's determination regarding justifiable cause, we apply a manifest weight of the evidence standard. *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 3. Thus, if there's any evidence of record by which the trial court could have reached a firm conviction that [father's] failure to contact his daughter for a year was not justified, the trial court's judgment must be affirmed. *In re K.D.*, 6th Dist. Lucas No. L-09-1302, 2010-Ohio-1592, ¶ 17, citing *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985).

{¶ 12} Thus, in reviewing the trial court's disputed adoption petition decision, we first address the factual question, whether appellees demonstrated that A.M. failed to have more than de minimus contact with S.C. for a year or more prior to the filing of the June 13, 2023 adoption petition. In this case, the parties do not dispute this fact, and A.M. acknowledged having no contact with S.C. since October, 2021. This is further affirmed by the record.

{¶ 13} Having established the requisite de minimus contact, we now turn to the issue of any potential justifiable cause. Appellant makes no direct case asserting or articulating claims of justifiable cause in connection to the lack of contact. Rather, appellant concedes, "Appellant contends that he [] had frequent contact with the child prior until late into 2021 when [he] last saw the child."

5.

{¶ 14} While appellant notes his disgruntlement when Sh.M. was designated as S.M.'s sole legal custodian in October, 2020, and thereafter it was required that visitation be supervised, he goes no further to furnish or articulate any facts or circumstances arguably constituting justifiable cause for his cessation of contact with S.C. Appellant also acknowledges that the notion of S.C. being reunited with him is, "not feasible at the moment."

{¶ 15} R.C. 3107.161(B) sets forth the factors relevant to a trial court's best interest of the child determination when ruling upon a contested adoption petition. The R.C. 3017.161(B) factors include, (1) The least detrimental available alternative for safeguarding the child's growth and development; (2) The age and health of the child at the time the best interest determination is made and, if applicable, at the time the child was removed from the home; (3) The wishes of the child in any case in which the child's age and maturity makes this feasible; (4) The duration of the separation of the child from a parent; (5) Whether the child will be able to enter into a more stable and permanent family relationship, taking into account the conditions of the child's current placement, the likelihood of future placements, and the results of prior placements; (6) The likelihood of safe reunification with a parent within a reasonable period of time; (7) The importance of providing permanency, stability, and continuity of relationships for the child; (8) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (9) The child's

adjustment to the child's current home, school, and community; (10) The mental and physical health of all persons involved in the situation; (11) Whether any person involved in the situation has been convicted of, pleaded guilty to, or accused of any criminal offense involving any act that resulted in a child being abused or neglected; whether the person, in a case in which the child has been adjudicated to be an abused or neglected child has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication.

{¶ 16} Our review of the record of evidence in this case, upon an application of the above-enumerated statutory factors, clearly reflects that the weight of the evidence supported the trial court's decision to grant the adoption petition to appellees.

{¶ 17} Regarding R.C. 3107.161(B)(1), the least detrimental available alternative, the record shows that S.C., now nine years of age, has lived with appellees since the age of two, and further shows that Sh.C. has been S.C. sole legal custodian for the past four years. In conjunction, A.M. has had no contact with S.C. for the past three years. The record shows that Sh.C. was designated as the sole legal custodian following S.C.'s return from A.M. in 2020 with multiple bruises and a burn. The record shows that A.M. has been regularly incarcerated on unrelated criminal offenses throughout the course of these proceedings, including being incarcerated both at the time of the December 18, 2023 consent hearing, and the July 12, 2024 best interest of the child hearing. The record also shows that A.M. has been convicted of telecommunication harassment against Sh.C., in

7.

the course of which a civil protection order was issued on behalf of Sh.C. against A.M. With these facts and circumstances, this evidence weighs in favor of appellees' petition for adoption..

{¶ 18} Regarding R.C. 3107.161(B)(2), the age and health of the child at the time of removal and at the time of the best interest determination, the record shows that S.C., currently nine years old, has resided with appellees since she was two years old, and shows that she was eight years old at the time of the best interest determination.  Thus, she has resided with appellees for most of her life.  In conjunction, all evidence presented at the best interest hearing reflect S.C. to be healthy, stable, and thriving.  Thus, this evidence likewise weighs in favor of appellees' petition for adoption.

{¶ 19} Regarding R.C. 3107.161(B)(3), the wishes of the child, the evidence reflects that during an in camera hearing with the trial court, S.C. clearly and unequivocally conveyed her desire to remain with appellees, and her opposition to contact with A.M.  Thus, this evidence weighs in favor of appellees' petition for adoption.

{¶ 20} Regarding the remaining factors, our review of the record consistently shows that the weight of the evidence favors appellees' petition for adoption.  The record reflects that K.D., mother, has been deceased since 2018, and that S.C. last had contact with A.M., father, in October, 2021, more than three years ago.  R.C. 3107.161(B)(4). The record reflects that S.C. has been placed with appellees for the past seven years.  S.C. calls appellees "mom and dad."  The record contains no evidence of available, alternative

8.

suitable placements for S.C. R.C. 3107.161(B)(5). The record reflects that the sole surviving parent, A.M., has been regularly incarcerated throughout these proceedings on criminal offenses, including offenses against Sh.C., and upon release is required to be transferred to a halfway house. R.C. 3107.161(B)(6). S.C.'s seven-year placement with appellees has fostered stability, permanency, and continuity for S.C. R.C. 3107.161(B)(7). S.C. does not know, and has had no relationship with, A.M.'s family. While A.M.'s sister testified on his behalf at the best interest hearing, she acknowledged that she has never met S.C. R.C. 3107.161(B)(8). The undisputed testimony of appellees and of the adoption assessor uniformly reflected that S.C. is happy, healthy, and thriving. R.C. 3107.161(B)(9) & (10). The record shows that among A.M.'s criminal background, appellant was investigated for, and subsequently lost shared custody of S.C., following an incident in which S.C. was returned to Sh.C. after being in A.M.'s care with bruises and burns. R.C. 3107.161(B)(11).

{¶ 21} Lastly, the record is devoid of evidence, other than unilateral, unsupported conclusions, in opposition to the determination that S.C.'s placement with appellees is the least detrimental available alternative and is in the best interest of S.C. R.C. 3107.161(B)(11)(c).

{¶ 22} Upon consideration of the record of evidence, related statutes, and precedent, we find that the disputed trial court decision granting appellees' adoption

9.

petition was supported by the weight of the evidence. The record is devoid of evidence demonstrative that the determination was unreasonable, arbitrary, or unconscionable.

{¶ 23} Wherefore, we find appellant's assignments of error not well-taken. The August 14, 2024 judgment of the Huron County Court of Common Pleas, Probate Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                              JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, J.          _____
CONCUR.                       JUDGE

                              _____
                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.