[Cite as *In re Adoption of S.J.M.H.*, 2014-Ohio-3565.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: ADOPTION OF S.J.M.H.  :   APPEAL NO. C-130683
              TRIAL NO.  AS-201300763

             :

             :   *O P I N I O N.*

Appeal From: Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 20, 2014

Father, pro se.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Appellant father appeals the probate court's entry, overruling his objections and adopting the magistrate's decision that had determined that father's consent was not required for the adoption of his minor daughter, S.J.M.H., by her stepfather. He argues the probate court erred by overruling "his objections and affirming the magistrate's decision in contravention of well-established law." Finding no merit in his arguments, we affirm the probate court's judgment.

### Probate Court Proceedings

{¶2} S.J.M.H. was born to father and mother in October 2005. In September 2006, mother left father. Shortly thereafter, father abducted mother and a female friend and held them hostage. Father forcibly raped mother and then shot her friend. In January 2007, father pleaded guilty to the kidnapping, forcible rape, and felonious assault of mother, and to the kidnapping, felonious assault, and attempted murder of mother's friend. Father was sentenced to 19 years in prison.

{¶3} In June 2011, mother married stepfather, and they have lived together with S.J.M.H. In February 2013, stepfather filed a petition to adopt S.J.M.H. The petition alleged that father's consent to the adoption was not required because father had failed, without justifiable cause, to provide more than de minimis contact with S.J.M.H. during the year immediately preceding the filing of the adoption petition and/or father had failed, without justifiable cause, to provide maintenance and support for S.J.M.H. for the 12 months immediately preceding the filing of the petition for adoption. Mother filed a written consent to the adoption.

{¶4} A copy of the adoption petition was served upon father, who is currently incarcerated at the Warren Correctional Institution in Lebanon, Ohio. Father filed a timely notice contesting the adoption. Father also filed a number of

objections relating to the procedure of the case, and further asserted that his failure to communicate and support S.J.M.H. was justified because mother had rebuffed his attempts to support and communicate with his daughter.

{¶5} The probate court overruled father's objections, and ordered the magistrate to hold an evidentiary hearing on whether father's consent was required for the adoption. At the hearing on this issue, father did not appear. However, mother, stepfather, and father's brother appeared and testified.

{¶6} The magistrate subsequently issued a decision finding that father's consent to the adoption was unnecessary because father had not provided support to S.J.M.H. during the requisite one-year review period and he had failed to provide more than de minimis contact with S.J.M.H. for the 12 months preceding the adoption petition.

{¶7} In her decision, the magistrate stated that there was no existing child-custody or child-support order for S.J.M.H. Mother and stepfather testified that they had received no child support, no cash payments, no clothing, no shoes, no offers of health insurance, no payments of medical bills, daycare bills, or financial support of any kind from father or his family during the 12-month period preceding the filing of the adoption petition.

{¶8} Mother also testified that during the criminal trial, a no-contact order had been issued against father because father and his family had made threats against mother in an effort to get mother to drop the criminal charges against father. Mother acknowledged receiving a few letters from father at her grandmother's address. In the letters, father had asked about S.J.M.H., but mother testified that father had never asked her if he could visit with S.J.M.H. Although mother had moved from her grandmother's home, and she had not provided her forwarding

address to father, she testified that her grandmother still lived at the same address and that her grandmother had continued to forward any mail that would have been addressed to mother at that address. Mother testified that she had not received any letters from father after 2009.

{¶9} Mother further testified that father initially had her cell phone number, but that she had changed her cell phone number in July 2008, following her move to another city, and that she had not shared her new cell phone number with father after that time. She testified, however, that father knew her grandmother's phone number, her grandmother had not changed her phone number, and, to her knowledge, father had never attempted to call her grandmother to communicate with S.J.M.H.

{¶10} Both mother and stepfather denied making any threats against father, refusing any offers of financial support, or rebuffing any communication attempts by father in any manner in the 12 months preceding the filing of the adoption petition. The magistrate noted that father's brother testified that upon his release from prison, father's brother, on his own initiative, had made one attempt to contact mother.

{¶11} The magistrate concluded, based upon the testimony of mother, stepfather, and father's brother, that father had not provided support to S.J.M.H. during the requisite one-year review period and he had failed to provide more than de minimis contact with S.J.M.H. for the 12 months preceding the adoption petition. She further found that father had failed to set forth any evidence to establish some justifiable cause for his failure to communicate with his daughter or to provide her support in the 12 months preceding stepfather's petition for adoption. As a result, the magistrate held that father's consent to the adoption was not required.

{¶12} Father filed timely objections to the magistrate's decision, and attached the affidavit of a fellow inmate, as well as a copy of an undated letter to S.J.M.H. Father then filed supplemental objections to the magistrate's decision, and attached photos of his daughter that an inmate's brother had secured for him from stepfather's Facebook page, as well as a letter dated September 10, 2012, that father claimed to have sent to mother's grandmother. Father also filed a motion for leave to supplement essential information. In the motion, father stated that he had contacted mother by phone and asked why she had initiated the adoption proceedings. He attached documentation showing that mother had then contacted prison authorities and asked that father make no further phone contact with her.

{¶13} In an entry dated October 13, 2013, the probate court granted father's motion for leave to supplement essential information, and considered father's objections and supplemental objections. The probate court then overruled all of father's objections and adopted the magistrate's decision.

{¶14} In a single assignment of error, father argues that "the trial court erred when it overruled his objections and affirmed the magistrate's decision in contravention of well-established law."

### *Jurisdiction to Entertain Father's Appeal*

{¶15} R.C. Chapter 3107 governs adoption proceedings in the state of Ohio. *In re Adoption of Kuhlman*, 99 Ohio App.3d 44, 49, 649 N.E.2d 1279 (1st Dist.1994). An adoption proceeding is a two-step process, which involves a "consent" phase and a "best interest" phase. *In re Adoption of Jordan*, 72 Ohio App.3d 638, 645, 59 N.E.2d 963 (10th Dist.1991); *see* R.C. 3107.14(C); *In re Adoption of Walters*, 112 Ohio St.3d 315, 2007-Ohio-7, 859 N.E.2d 545, ¶ 5.

{¶16} When the adoption of a child is proposed, a natural parent has the right to adequate notice and an opportunity to be heard before any existing parental rights are terminated. *See* R.C. 3107.06. However, R.C. 3107.07 provides certain circumstances where a natural parent's consent to the adoption is not required. Pertinent here, R.C. 3107.07(A) provides parental consent to adoption is not required when:

> * * * it is alleged in the adoption petition and the court after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor child or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶17} The Ohio Supreme Court has held that "[a] trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order." *In re Adoption of Greer*, 70 Ohio St.3d 293, 638 N.E.2d 999 (1994), paragraph one of the syllabus; *see In re Adoption of Johnson*, 72 Ohio St.3d 1217, 651 N.E.2d 429 (1995), following *Greer*. Thus, the fact that the probate court has not yet proceeded to the "best interest" phase of the adoption does not preclude appellate review of the probate court's decision in the "consent phase." *See In re Adoption of B.M.S. and J.C.S.*, 10th Dist. Franklin No. 07AP-236, 2007-Ohio-5966, ¶ 16, citing *Greer.*

{¶18} Father raises a number of arguments related to the probate court's decision in the consent phase. He first raises a number of procedural issues related

6

to the consent proceedings. He argues the probate court erred by failing to provide him with a copy of the adoption petition, by utilizing a stamp of the judge's signature on the magistrate's entries in contravention of Civ.R. 53 and 58, and by failing to consider an alternative way for him to participate at the consent hearing in lieu of his personal appearance. Finally, he argues that the probate court erred in admitting hearsay testimony at the consent hearing and by finding his consent to the adoption was not necessary.

### Failure to Provide Father with the Adoption Petition

{¶19} Father first argues that the probate court erred by failing to provide him with a copy of the adoption petition. He relies on R.C. 3107.05(A), which provides "[a] petition for adoption shall be prepared and filed according to the procedure for commencing an action under the Rules of Civil Procedure." But nothing in this sentence requires the court to provide father with a copy of the adoption petition. Moreover, R.C. 3107.07 and 3107.11 provide that father is entitled to notice of the filing of the petition for adoption, the date and time of the hearing set on the petition for adoption, and notice as to why the consent of the birth parent is not necessary. Here, the record reflects that father was provided with the statutorily required notice. As a result, the trial court properly overruled father's objection.

### Magistrate's Entries

{¶20} Father next argues that the magistrate's entries failed to comply with Civ.R. 53 because they contained a stamped signature of the probate court judge, which the magistrate had initialed. He argues, in essence, that the probate judge's actual signature must appear on each entry before it can be adopted by the probate court and constitute a final appealable order under Civ.R. 58. Father's argument is not well taken.

7

{¶21} The record reflects that when father filed timely objections to the magistrate's entries, his objections were set for hearing before the probate court judge, and they were overruled by entries personally signed by the probate court judge. Furthermore, the trial court in a separate, signed entry adopted the magistrate's decision that father's consent to the adoption was unnecessary. As a result, the trial court properly overruled father's objection.

### *Failure to Secure Father's Appearance at Consent Hearing*

{¶22} Father next argues that the probate court erred by failing to arrange an alternate way for him to appear at the consent hearing. At the outset of the case, the magistrate had issued an order permitting father to be transported from the Warren Correctional Institution to the probate court, as long as he deposited with the court sufficient funds to cover the cost of transportation.

{¶23} Father objected to the magistrate's order and argued that the probate court was required to consider alternative ways to secure his participation at the consent proceedings. The probate court overruled father's objection on the basis that the transport order was an appropriate accommodation to secure father's appearance at the consent hearing.

{¶24} Father argues the trial court erred in overruling his objection. He relies upon the opinion of the Twelfth Appellate District in *In re Adoption of A.N.B.*, 12th Dist. Preble No. CA2012-12-017, 2013-Ohio-2055, where the appellate court had held that the trial court had violated the due-process rights of a biological mother, who was incarcerated in another state, by failing to consider alternative ways to secure her appearance at a consent hearing on the stepmother's petition for adoption of her children.

{¶25} Father's case, however, is factually distinguishable from *A.N.B.* Father did not argue in the probate court, nor does he argue on appeal, that his due-process rights have been violated based upon his failure to personally appear at the consent hearing. Nor did father file a motion asking the court to provide him with an alternative way of appearing at the hearing. The magistrate incorporated father's prior written arguments into her decision, and the probate court additionally permitted father to file supplemental information to support his objections. The probate court then considered this information before overruling father's objections and supplemental objections, and adopting the magistrate's decision. Thus, the trial court properly overruled father's objections.

### Father's Arguments Relating to the Consent Hearing

{¶26} Father also argues that the magistrate erred by allowing certain testimony at the consent hearing. He argues that mother was improperly permitted to testify to hearsay statements by her grandmother. He further argues that the magistrate "erred by stating [in the decision] that he had 'argued that his consent to the adoption was necessary' " even though he had not appeared at the hearing. Father additionally argues that the probate court erred in finding that his consent to the adoption was unnecessary based on his failure to communicate with his daughter on more than a de minimis basis.

{¶27} Father points to letters he sent to S.J.M.H.'s great-grandmother, and to the affidavit of a prison immate, which were attached to his objections to the magistrate's decision. In the affidavit, the inmate stated that father had attempted to contact his daughter through her great-grandmother and that father was planning to seek visitation rights through the courts for his daughter.

{¶28} R.C. 3107.07(A) provides that the petitioner for adoption has the burden of proving by clear and convincing evidence, both (1) that the natural parent has failed to provide more than de minimis contact with the minor or has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause. *See In re Adoption of Bovett*, 33 Ohio St.3d 102, 515 N.E.2d 919 (1987), paragraph one of the syllabus (where former R.C. 3107.07 did not contain a "clear and convincing" standard, but the Supreme Court, nonetheless, applied such a standard). If the probate court finds either the communication or the support prong has been met, then it must proceed to determine whether justifiable cause for the failure has been proved. *See In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 23.

{¶29} Whether a parent has failed to provide for the maintenance and support of a minor child or has failed to provide more than de minimis contact is a question of fact. *See In re Adoption of J.R.H.*, 2d Dist. Clark No. 2013-CA-29, 2013-Ohio-3385, ¶ 28; *In re Adoption of M.B.* at ¶ 21-23. Thus, the probate court's determination of whether a financial contribution constitutes maintenance and support for purposes of R.C. 3107.07(A) is reviewed for an abuse of discretion. *In re Adoption of M.B.* at ¶ 21, 25, and 30. Likewise, whether a parent has failed to provide more than de minimis contact with his or her child is reviewed under an abuse-of-discretion standard. *See In re Adoption of S.M.H*, 2d Dist. Greene No. 2013-CA-59, 2014-Ohio-45, ¶ 4.

{¶30} Finally, " ' the question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence.' " *See In re Adoption of M.B.* at ¶ 24, quoting *In re Adoption of Masa*, 23 Ohio St.3d 163, 492 N.E.2d 140 (1986),

paragraph two of the syllabus; *see also In re Adoption of McDermitt*, 63 Ohio St.2d 301, 305, 408 N.E.2d 680 (1980) holding that "[t]he two standards 'willfully failed to support' and 'without justifiable cause' are questions of fact to be determined by the probate court").

{¶31} In this case, however, father failed to file a transcript of the proceedings with the trial court and with this court. Generally, the trial court must undertake an independent review of the case before adopting the magistrate's decision. *See* Civ.R. 53(D)(4)(d). When a party objects to factual findings of the magistrate and wishes to properly preserve those challenges for consideration by the trial court, the party must supply the court with a transcript of the proceedings. Civ.R. 53(D)(3)(b)(iii).

{¶32} Civ.R. 53(D)(3)(b)(iii) provides,

The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶33} Because father did not provide the probate court or this court with a transcript of the proceedings before the magistrate, we cannot review any claimed errors with regard to the admissibility of the evidence at the consent hearing. Likewise, we are unable to review father's arguments challenging the magistrate's factual findings. *See In re Adoption of G.W.*, 9th Dist. Lorain No. 04CA008609, 2005-Ohio-1274, ¶ 6-8; *In re Adoption of Christopher M. Vest*, 10th Dist. Franklin No. 00AP-1150, 2001 Ohio App. LEXIS 1105, *13 (Mar. 13, 2001). Instead, we are limited to determining if the trial

11

court abused its discretion in applying the applicable law to the magistrate's findings of fact. *See In re Adoption of Christopher M. Vest* at *10, quoting *Jones v. Davenport*, 2d Dist. Montgomery No. 18162, 2001 Ohio App. LEXIS 226 (Jan. 26, 2001); *see also State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). Based upon our review of the magistrate's decision, we find sufficient evidence to support the trial court's conclusions that father had failed to provide more than de minimis contact with S.J.M.H. or to support her for the requisite one-year period, and that this failure was without justifiable cause.

{¶34} Furthermore, to the extent that the trial court considered father's supplemental evidence relating to the consent issue, we cannot say based upon our review of that evidence that the probate court's judgment, finding that father had failed to set forth evidence to rebut the assertion that his failure to support or provide more than de minimis contact with S.J.M.H. was without justifiable cause, was an abuse of discretion or contrary to the weight of the evidence. *See In re Adoption of S.M.H.*, 2d Dist. Greene No. 2013 CA 59, 2014-Ohio-45, ¶ 15. We, therefore, overrule father's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM, P.J,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry this date.